Eric R. **AHLSTRAND**, Plaintiff,

v.

George O. **LETHERT**, District Director of Internal Revenue Service; Roy G. Vold, Appellate Conferee; John L. Lundberg, Assistant Chief; G. F. Studeman, Conferee; G. D. Robertson, Revenue Officer; R. T. Gardner, Group Supervisor, Defendants.

No. 4–70 Civ. 162.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 19, 1970.

Eric R. Ahlstrand, pro se.

Robert G. Renner, U. S. Atty., and Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for defendants.

MEMORANDUM

LARSON, District Judge.

The plaintiff brought this action against the six defendants, all agents of the United States Government working for the Internal Revenue Service.

The complaint alleged actions on the part of the defendants sounding in tort. The actions arose out of a controversy between plaintiff and the Internal Revenue Service over the disposition of some $160,000 received by the plaintiff as a result of a condemnation by the State of Minnesota, under its power of eminent domain, of a piece of property owned by plaintiff.

The plaintiff and the Internal Revenue Service were unable after a series of meetings to reach any agreement as to the plaintiff's tax liability. Apparently a tax lien eventually attached to plaintiff's property and attempts were made to collect the tax. It is out of these events, as nearly as can be ascertained by the complaint, that the plaintiff's alleged injuries arose.

Defendants move under Rule 12b(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief can be granted.

■ As previously noted, defendants are all employees of the Internal Revenue Service. It has long been held that governmental officials have an absolute privilege, immunizing them from civil damage suits arising out of acts committed within the scope of their official functions. Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896); Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

■ The privilege is not a prerogative commensurate only with high office. It is, rather, a policy that governmental officials should be left free to pursue their official tasks without apprehension that they will be subject to civil damage suits for actions taken within the scope of their official authority. To subject such actions to question in civil suits would compel the officers to expend substantial time and effort defending lawsuits and might interfere with efficient enforcement of governmental regulation. See Barr v. Matteo, supra.

■ With the increasing complexity of governmental structure the delegation of authority is commonplace. However, the functions do not become less critical merely because the official executing them is of lower rank in the administrative hierarchy. As a result, the privilege is extended not only to the chief administrative officer but also to his subordinates. See Barr v. Matteo, supra; Gross v. Sederstrom et al., 8 Cir., 1970, 429 F. 2d 96. This immunity from suit has clearly been extended to Revenue Officers. Babylon Milk & Cream Co., Inc. v. Rosenbush, 233 F.Supp. 735 (E.D.N.Y. 1964); O'Campo v. Hardisty, 262 F.2d 621 (9 Cir. 1958); Bershad v. Wood, 290 F.2d 714 (9 Cir. 1961).

■ The defendants have all stated in their affidavits that their only contacts with the plaintiff were pursuant to the responsibilities delegated to them and in the scope of their official duties as employees of the Internal Revenue Service.

The plaintiff has not presented any evidence to the contrary.

For the reasons stated above, this Court dismisses plaintiff's complaint under Rule 12(b) (6) of the Federal Rules of Civil Procedure. See Hartline v. Clary, 141 F.Supp. 151 (E.D.S.C.1956).