QUESTIONS: 1. Does the word "intoxicated" referred to in ss. 396.052 and 396.072, F.S., mean alcoholic intoxication only, or does it relate to drug intoxication also? 2. How does the immunity granted to a police officer enforcing the Myers Act by s. 396.072(8), F.S., affect a possible federal prosecution for violation of civil rights under 42 U.S.C. § 1983?
SUMMARY: Chapter 396, F.S. (Alcoholism, Prevention, Control and Treatment Act), pertains only to alcohol intoxication. The immunity granted to a law enforcement officer acting under s. 396.072, F.S., from criminal or civil liability for false arrest or false imprisonment applies only to civil or criminal actions in state courts. If a law enforcement officer acts in good faith and reasonably believes a person to be intoxicated, such police officer cannot be held liable for false arrest or false imprisonment in state or federal court. However, when the officer acts in bad faith or performs acts that are ultra vires or otherwise contrary to law, the victim of such acts may recover for violation of his or her civil rights. AS TO QUESTION 1: The Comprehensive Alcoholism Prevention, Control and Treatment Act (commonly referred to as the Myers Act), ss. 396.012-396.171, F. S., makes no mention of drugs or drug related intoxication. Section 396.032 defines alcoholic to mean . . . any person who chronically and habitually uses alcoholic beverages to the extent that it injures his health or substantially interferes with his social or economic functioning, or to the extent that he has lost the power of self control with respect to the use of such beverages. In enacting the Myers Act, the legislature determined that alcohol and alcoholism were problems in Florida and that remedial action by the legislative body was necessary. Section 396.022, F.S. Thus, it was clearly the intent of the legislature that this legislation should refer to alcoholics and alcoholism only. It is a rule of statutory construction that the mention of one thing implies the exclusion of another. Expressio unius est exclusio alterius, Peeples v. State, 35 So. 223 (Fla. 1903); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). Hence, where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned. Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). Unless a different connotation of a word is expressed or clearly intended, the courts have attributed to the words of a statute the meaning accorded them in common usage. [See] 30 Fla. Jur. s. 81, p. 182. It should be noted that the legislature enacted Ch. 397, F.S., (Rehabilitation of Drug Dependents) in the legislative session prior to the enactment of Ch. 396, F.S. Chapter 397 relates to drug abuse and drug dependence. Thus, it is clear that the legislature intended to treat drug intoxication and alcohol intoxication separately. Therefore, I come to the conclusion that Chapter 396, F.S., (Alcoholism Prevention, Control and Treatment Act) pertains only to alcohol intoxication. AS TO QUESTION 2: Chapter 396, F.S., is not a criminal statute, and according to s. 396.072(7) the police officer who detains a person who he believes is intoxicated and in need of emergency service shall not be considered to be making an arrest, but such detention constitutes taking the person into protective custody for the protection of the individual's health and safety. Pursuant to s. 396.161, with exceptions enumerated, no county or municipality may adopt any ordinance, resolution, or regulation making public intoxication or common drunkenness or being found in enumerated places in an intoxicated condition an offense. Nor can such intoxication be made a violation or the subject of criminal or civil penalties or sanctions of any kind. In these circumstances, if a law enforcement officer acts in good faith and reasonably believes a person to be intoxicated, the police officer cannot be held liable in state or federal courts. Adequate provisions exist in Chapter 396, F.S., for the law enforcement officer to assist in transporting a consenting intoxicated person in a public place either to his home or to an emergency service or facility. Section 396.072(1). Where it is necessary for an intoxicated person to be detained at a facility or service for emergency care, the police officer should attempt to get the consent of the intoxicated person. Section 396.072(2) F.S. However, if the consent cannot be obtained from the intoxicated person, such person may be detained and taken for emergency care against his or her will, but unreasonable force shall not be used. Id. A person may leave the custodial care of an emergency service or facility when he or she is no longer incapacitated. Section 396.072(4). The maximum detention that can be allowed is ninety-six hours after the admission of the patient to the service or facility. Id. However, a person admitted to a treatment source who is not incapacitated or a person who is no longer incapacitated may consent to remain at the treatment source for as long as the person in charge believes warranted. Section 1(4), Ch. 74-257, Laws of Florida [s. 396.072(4)]. It is mandatory that, once a patient has been admitted to an emergency service or facility for treatment, his family and next of kin must be notified as soon as possible. Section 396.072(6), F.S. However, if the patient is not incapacitated and requests there be no notification, the request shall be respected. Thus, adequate safeguards have been built into the statute to protect law enforcement officers acting within the scope of their authority regarding persons who are intoxicated and appear to be incapacitated. It appears clear that the immunity from false arrest or imprisonment granted in s. 396.072(8), F.S., applies only to civil or criminal actions in state courts. However, federal case law also holds that good faith is a defense, not only to false arrest charges but also to charges of s. 1983 violations. Probably the most important case dealing with the defense of good faith in a federal civil rights action is Pierson v. Ray,386 U.S. 547 (1967). That case involved the arrest of black ministers in Mississippi who entered a "whites only" waiting room. The policemen who arrested the ministers were charged with violation of Section 1983 and the court held: . . . Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved . . . . supra, at 554 It has also been held that government officials have an absolute privilege under s. 1983 immunizing them from civil damage suits arising out of acts committed within the scope of their official duties. Ahlstrand v. Lethert, 319 F. Supp. 283 (D.C. Minn. 1970). Neither does the section afford any basis for civil actions against public officers acting in their official capacities in good faith and in pursuance of federal or state law. Fowler v. U.S., 258 F. Supp. 638 (D.C. Cal. 1966). A qualified privilege exists when a public official exercises discretion while performing his duties precluding individual liability for the performance of official responsibilities if undertaken in good faith; this privilege is not absolute and will give way if acts done within the scope of the official duties were performed in bad faith. O'Brien v. Galloway, 362 F. Supp. 901 (D.C. Del. 1973). The conclusion that can be drawn from cases construing s. 1983 is that a public official acting in good faith and within the scope of his or her official duties will be immune from liability under the section. See AGO 074-170. Regarding your concern about the detention of an individual who has symptoms similar to an alcoholic person but may be suffering from diabetes or hyperglycemia, the 1974 Session of the Legislature enacted Chapter 74-25, Laws of Florida, which provides that any law enforcement officer when arresting any person who appears to be inebriated, intoxicated, or not in control of his physical functions shall examine such person to ascertain whether or not such person is wearing a medic alert bracelet or necklace or has upon his person some other visible identifying device which could specifically delineate a medical disability which would account for the actions of such persons. Upon discovery of any identifying device upon such person, the arresting officer shall take immediate steps to aid the afflicted person in receiving medication or other treatment for his disability. Therefore, I come to the conclusion, based on the above discussion, when the law enforcement officer acts in good faith and within the scope of his authority regarding the enforcement of the alcohol abuse law, that no state or federal liability for false imprisonment or false arrest would be incurred by the arresting officer. This determination is often a factual question as to whether or not the officer was acting in good faith and within the scope of his authority. Where the arresting officer acts in bad faith or performs acts that are ultra vires or otherwise contrary to law, the victim of such acts may recover for violation of his or her civil rights. For example, if the law enforcement officer used the alcohol abuse treatment law as a pretext to detain a criminal suspect, the victim could recover for a violation of his civil rights, any immunity clause notwithstanding. Monroe v. Pape 365 U.S. 167 (1961).