HON. ARTHUR L. REUTER Town Attorney, Germantown
This is in response to your recent letter requesting an opinion as to whether or not the Town Attorney of the Town of Germantown is authorized to defend members of the Board of Zoning Appeals who have been served in an action brought against them in their individual capacity in the Federal District Court for the Southern District of New York under Civil Rights Law, U.S.C. Title 42, §§ 1983 and 1985 for failure to grant a zoning variance.
Town Law, § 65(1), reads as follows:
 "1. Any action or special proceeding for or against a town, or for its benefit, and upon a contract lawfully made with it, or with any of its officers or agents authorized to contract in its behalf, or to enforce any liability created, or duly enjoined upon it, or upon any of its officers or agents for which it is liable, or to recover damages for any injury to any property or rights for which it is liable, shall be in the name of the town. The town board of any town may authorize and direct any town officer or officers to institute, defend or appear, in any action or legal proceeding, in the name of the town, as in its judgment may be necessary for the benefit or protection of the town, in any of its rights or property. It shall be the duty of any officer or officers so authorized and directed to institute said action or legal proceeding or to defend or appear therein, and the reasonable and necessary expenses of such action or proceeding, or defense or appearance shall be a town charge. No such officer or officers, however, shall employ legal counsel except as directed by the town board."
Town Law, § 20(2)(a), reads in part, as follows:
 "2. (a) The town board of every town may establish the office of town attorney or town engineer, or both. If the town board shall so establish the office of town attorney * * * it shall fix the salary of such officer * * *. In addition, the town board of any such town may employ counsel to the town attorney in respect to any particular subject matter, proceeding or litigation * * *."
It appears from the reading of section 65(1) of the Town Law that the Town of Germantown would be required to defend an action against Town officials arising from performance of their official duties even though they are sued in their individual capacity provided they were acting in the scope of their authority, and that the Town Board would have authority in the alternate to hire counsel for the Town Attorney to defend such defendants under section 20(2) (a) of the Town Law.
In the case of Basista v. Weir,, D.C., PA., 1964, 225 F. Supp. 619, the Court stated that a public official performing within the scope of his authority is immune from civil suit regardless of motives with which he performs his duties but he will be liable for his acts outside the scope of his powers and beyond his authority.
In the case of Bennett v. Gavelle, D.C., MD., 1971, 323 F. Supp. 203, the Court stated that even if local governmental agency officials might not be entitled to absolute immunity, which has been accorded legislators and judges with respect to actions under color of any statute, local officials are entitled to a limited or qualified immunity for acts done in good faith within the scope of their official duties.
In the case of Ahlstraud v. Lethert, D.C., MINN., 1970, 319 F. Supp. 283, the Court stated that governmental officials have absolute privilege immunizing them from civil damage suits arising out of acts committed within the scope of their official functions.
It is the duty of the Town Board under such circumstances to determine whether or not the acts of the individual members of the Board of Zoning Appeals were within the scope of their authority when they unanimously denied the zoning variance to the property owner involved herein.
If it is the Town Board's decision that the Board of Zoning Appeals was acting in good faith and within the scope of its authority, the Town Board may undertake its defense even though the members are sued in an individual capacity and not in their official capacity and the Town Board in so doing would not be in violation of Article VIII, section 1 of the New York State Constitution as granting a gift of services to private individuals.
If at any time during the pendency of an action wherein the Town Attorney or his counsel has assumed defense of the members of the Board of Zoning Appeals the Town Attorney or his counsel shall determine that the members of the Board of Zoning Appeals were acting outside the scope of their authority in a tortuous manner, they should advise the Town Board of such decision and direct that members of such Board of Zoning Appeals hire private counsel to represent them in the action.
It is our opinion that the Town Attorney of the Town of Germantown may represent members of the Town Board of Zoning Appeals, who have been served in a Federal action under Title 42, sections 1983 and 1985 of the Civil Rights Law, provided the Town Board has determined that the members of the Board of Zoning Appeals were acting in good faith and within the scope of their authority; and the Town Board may employ counsel for the Town Attorney in respect to such litigation as it may necessarily require.