**BABYLON MILK & CREAM CO., Inc.,**
**Plaintiff,**

v.

**Monroe ROSENBUSH, Defendant.**

**No. 64 C. 516.**

United States District Court
E. D. New York.

Aug. 13, 1964.

Robert L. Handros, Washington, D. C. (Joseph P. Hoey, U. S. Atty., William N. McKee, Jr., Asst. U. S. Atty., Louis B. Oberdorfer, Asst. Atty. Gen., Fred B. Ugast, Attorney, Department of Justice, of counsel), for defendant, for the motion.

Harry Rosenberg, West Hempstead, N. Y., for plaintiff, opposed.

DOOLING, District Judge.

Plaintiff, a domestic corporation, sues a Federal Revenue Officer for the damages

allegedly done to plaintiff when defendant's superiors repudiated a tax settlement that defendant allegedly made with plaintiff and which defendant allegedly represented that he had the authority to make. The claim is that defendant, while acting as a Revenue Officer, in October 1962 settled a disputed tax claim with plaintiff and that defendant then warranted to plaintiff his authority to settle the claim. In October 1963, plaintiff alleges, the Internal Revenue Service repudiated the settlement as unauthorized, and on December 4, 1963, collected the disputed tax of $239.73 from plaintiff by distraint. Plaintiff alleges that he relied on the defendant's warranty of authority and, by so doing, lost his remedy against the Government. On such facts plaintiff asks for judgment against defendant for $239.73 and interest.

Defendant moves to dismiss the complaint as insufficient. The motion must be granted.

■ The principle that a federal officer may not be called upon to defend against assertions that in the performance of his discretionary acts on behalf of the Government he tortiously invaded the private interests of another has been settled at least since Spalding v. Vilas, 1896, 161 U.S. 483, 498–499, 16 S.Ct. 631, 40 L.Ed. 780. It is enough that the accused officer's action was taken in the context of the general matters committed by law to his control and supervision. The test is not whether the particular accused act, narrowly viewed, was an explicitly authorized act (Preble v. Johnson, 10th Cir. 1960, 275 F.2d 275), but is rather the immediacy of the relation of the act alleged to have inflicted the private wrong to the defendant's acts in the discharge of his duties with respect to the matters committed to his care. Barr v. Matteo, 1959, 360 U.S. 564, 572–573, 577–578, 79 S.Ct. 1335, 3 L.Ed.2d 1434. The principle cuts deeper than a bare immunity from ultimate liability; the principle is one that halts at the threshold any judicial inquiry into the existence of private injury consequent upon the officer's act, even when

it is alleged to have been a consciously wrongful act, where it appears that the alleged private wrong grew directly out of the defendant's functioning in his discretionary office. That is, precisely, the point of Gregoire v. Biddle, 2d Cir. 1949, 177 F.2d 579. The immunity is from inquiry not less than from liability. Cooper v. O'Connor, 1938, 69 App.D.C. 100, 99 F.2d 135, 139, 118 A.L.R. 1440; O'Campo v. Hardisty, 9th Cir. 1958, 262 F.2d 621, 624–625. Cf. Booth v. Fletcher, 1938, 69 App.D.C. 351, 101 F.2d 676, 680.

■ In the present case, defendant is not claimed to have deviated from propriety except in stating that he had authority to settle the claim; it is implied, and, indeed, is necessarily the case that the Revenue Officer's functions embraced dealing with taxpayer, receiving any proposal of disposition of tax liability, disclosing the extent of his authority to act on it, and expressing his views to the taxpayer and to his superiors on the proper disposition of the tax matter, to which he had been assigned. The charge of the complaint is immediately related to defendant's acts as a discretion possessing officer of government; it is a charge that in dealing with plaintiff in respect of the disposition of its tax liability he misdescribed the effect of his own acts. That being the nature of the charge, inquiry ends, for otherwise so many acts of so many public servants could be made—on bare assertion—the subject of judicial inquiry that public servants might often shrink from taking the action their duties required of them.

■ Moreover, in this case, plaintiff has not, as it supposes, lost its remedy. The plaintiff has the right under Internal Revenue Code, 1954, § 6511(a), to file a claim for refund at any time within two years after payment of the tax (which plaintiff says took place on December 4, 1963). As soon as the claim for refund is rejected (if it is rejected), and for two years thereafter, plaintiff would have the right to sue for the amount of tax involved (Internal Revenue Code, § 6532

(a) (1)). If the claim for refund is not acted upon for six months after its filing, plaintiff can then sue for the refund without waiting for notice of rejection (Internal Revenue Code, § 6532(a) (1)).

Plaintiff, then, has suffered no damage—unless the loss of whatever discount the supposed "settlement" involved is considered a loss. But the federal and New York rules concur in denying "loss of bargain" damages in actions based on fraud. Toho Bussan Kaisha, Ltd. v. American President Lines, Ltd., 2d Cir. 1959, 265 F.2d 418, 76 A.L.R.2d 1344; Estate Counseling Service, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 10th Cir. 1962, 303 F.2d 527, 533. It follows that no actionable damage occurred in any event.

Accordingly, on defendant's motion, it is,

Ordered that the complaint is dismissed and the Clerk is directed to enter judgment that plaintiff take nothing and that the action is dismissed without costs.