Brayton FRASIER, Plaintiff,

v.

Richard D. HEGEMAN, Tuscan Dairy Farms, Inc., and all other presently unknown John and Jane Does 1 through 100, Defendants.

No. 84–CV–1247.

United States District Court,
N.D. New York.

March 16, 1985.

Brayton Frasier pro se.

U.S. Dept. of Justice, Tax Div., Washington, D.C., Frederick J. Scullin, Jr., U.S. Atty., Albany, N.Y., for defendant Hegeman; Daniel F. Brown, Trial Atty., Wash-

ington, D.C., George Yanthis, Asst. U.S. Atty., Albany, N.Y., of counsel.

Buckley, Kremer, O'Reilly, Pieper, Hoban & Marsh, Mineola, N.Y., for defendant Tuscan Dairy Farms, Inc.; William G. Wallace, Mineola, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

Mr. Brayton Frasier, plaintiff in this action, failed to pay or file his federal income taxes for 1977 through 1981. The IRS prepared substitutes for returns pursuant to I.R.C. § 6020(b) and assessed plaintiff's past due taxes in the amount of $64,-478.37.[1] A notice of levy was served upon defendant Tuscan Dairy Farms, Inc. for money owed plaintiff for the purchase of milk produced on plaintiff's farm. In accordance with the notice of levy, defendant Tuscan Dairy paid to the IRS the money owed by Tuscan Dairy to the plaintiff.

Plaintiff commenced this action pro se alleging numerous violations of his civil rights. Named in his complaint are defendants Tuscan Dairy Farms and an IRS officer, Richard Hegeman. Additional unnamed defendants are "all other presently unknown Defendants as John and Jane Does 1 through 100." The action was originally commenced in state court and was removed by the defendant Hegeman. The two named defendants have moved to dismiss the complaint pursuant to Rule 12(b), Fed.R.Civ.P.

## I

On December 26, 1983 a delegate of the Secretary of the Treasury made an assessment against the plaintiff pursuant to I.R.C. § 6201(a) for unpaid individual income taxes, penalties, and interest for the years 1977 through 1981.[2] As a revenue officer for the Internal Revenue Service, defendant Richard Hegeman had the responsibility for collecting the delinquent accounts of the plaintiff. Pursuant to I.R.C. § 6331(d), defendant Hegeman sent to plaintiff a final notice before seizure [IRS Form Letter 1058], dated June 13, 1984, demanding payment of his then outstanding unpaid tax balance of $64,478.37.[3] Plaintiff did not respond to this letter.

---

1. I.R.C. § 6020 provides:

    § 6020. Returns prepared for or executed by Secretary

    (a) Preparation of return by Secretary

    If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

    (b) Execution of return by Secretary

    (1) Authority of Secretary to execute return

    If any person fails to make any return (other than a declaration of estimated tax required under section 6015) required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

    (2) Status of returns

    Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

    26 U.S.C. § 6201(a) (1982).

2. I.R.C. § 6201 provides:

    § 6201. Assessment authority

    (a) Authority of Secretary

    The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law. Such authority shall extend to and include the following:

    (1) Taxes shown on return

    The Secretary shall assess all taxes determined by the taxpayer or by the Secretary as to which returns or lists are made under this title.

    26 U.S.C. § 6201(a) (1982).

3. I.R.C. § 6331 provides:

    § 6331. Levy and distraint

    (a) Authority of Secretary

    If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all proper-

On July 25, 1984 defendant Hegeman mailed a notice of levy [IRS Form 668A(c)] to the defendant Tuscan Dairy Farms, Inc. Tuscan subsequently sent two checks totalling $9,978.52 to the IRS, representing payments owed to the plaintiff for the purchase of milk produced on plaintiff's farm. These checks were applied by the IRS to the plaintiff's 1977 and 1978 tax liabilities.

Plaintiff's complaint alleges "Conspiracy under Color of Law," "Grand Larceny," and "Violations of Civil Rights." Plaintiff seeks an injunction precluding any further efforts on the part of the defendants to collect the plaintiff's tax liabilities, return of money seized to date, money damages, and a court order directing a grand jury

investigation of criminal charges against defendants.

## II

▉ Plaintiff alleges various constitutional violations against the defendant, IRS officer Hegeman.[4] Sovereign immunity extends to officers of the U.S. acting within the scope of their official functions. *Barr v. Mateo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1958), including employees of the IRS. *Babylon Milk and Cream Co., Inc. v. Rosenbush*, 233 F.Supp. 735 (E.D.N.Y.1964), *Bershed v. Wood*, 290 F.2d 714 (9th Cir.1961). Following IRS procedures does not subject an IRS agent to liability for constitutional violations absent allega-

ty and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.
(b) Seizure and sale of property
The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (d)(3), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).
(c) Successive seizures
Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.
(d) Requirement of notice before levy
(1) In general

Levy may be made under subsection (a) upon the salary or wages or other property of any person with respect to any unpaid tax only after the Secretary has notified such person in writing of his intention to make such levy.
(2) 10-day requirement
The notice required under paragraph (1) shall be—
(A) given in person,
(B) left at the dwelling or usual place of business of such person, or
(C) sent by certified or registered mail to such persons's last known address,
no less than 10 days before the day of the levy.
(3) Jeopardy
Paragraph (1) shall not apply to a levy if the Secretary has made a finding under the last sentence of subsection (a) that the collection of tax is in jeopardy.
(e) Continuing levy on salary and wages
(1) Effect of levy
The effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous from the date such levy is first made until the liability out of which such levy arose is satisfied or becomes unenforceable by reason of lapse of time.
(2) Release and notice of release
With respect to a levy described in paragraph (1), the Secretary shall promptly release the levy when the liability out of which such levy arose is satisfied or becomes unenforceable by reason of lapse of time, and shall promptly notify the person upon whom such levy was made that such levy has been released.
26 U.S.C. § 6331 (1982).

**4.** Plaintiff alleges violations of his rights pursuant to the first, fourth, fifth, seventh, ninth, tenth, thirteenth, and fourteenth amendments.

tions of bad faith on the part of the IRS. *Foxman v. Rennison,* 44 A.F.T.R.2d, ¶ 79-5191 (W.D.N.Y.1979), *aff'd,* 625 F.2d 429 (2d Cir.1980). Since plaintiff alleges no more than that the IRS agent Hegeman followed IRS statutory procedure, plaintiff's allegations of constitutional violations against, defendant Hegeman must be dismissed.

■ Plaintiff seeks an injunction against defendant Hegeman's efforts to collect taxes from plaintiff, a return of money seized by the IRS, and money damages. A lawsuit against an officer of the United States Government will be held to be a suit against the United States itself where, by obtaining relief against an officer of the Government relief in effect would be obtained against the sovereign itself. *Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 688, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949). Although the plaintiff here names the IRS officer individually, plaintiff's action will be treated as one against the sovereign United States.

■ The United States is immune from lawsuits except to the extent that Congress has statutorily abrogated this immunity. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.* (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969)). Where there is no statutory consent waiving immunity, the court lacks jurisdiction to entertain suits against the United States. *Testan,* 424 U.S. at 399, 96 S.Ct. at 953 (quoting *United States v. Sherwood,* 312 U.S. 584, 587-88, 61 S.Ct. 767, 770-71, 85 L.Ed. 1058 (1941)). There is no statute granting consent by the United States to be sued in an action such as that of plaintiff's; Title 28 U.S.C. § 1346(a)(1) allows for actions against the United States for alleged erroneously or illegally assessed taxes. The statute requires that the taxpayer pay the full amount of the assessment before challenging its validity. *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958). Plaintiff has not complied with this requirement. Therefore, this court lacks jurisdiction over plaintiff's challenge to the collection or assessment of his taxes.

■ Plaintiff's complaint against defendant IRS officer also alleges various state and common law violations, including "special assumpsit," "trespass on the case," and several state constitutional and statutory provisions. Although a pro se complaint is not to be held to stringent standards of pleading, *Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972), a complaint against a federal official, given the possibility of harassment and potential for interference with critical operations of government, must be held to an exacting standard. *Harlow v. Fitzgerald,* 457 U.S. 800, 807-08, 102 S.Ct. 2727, 2732-33, 73 L.Ed.2d 396 (1982). Where suits against federal officials are concerned, "a firm application of the Federal Rules of Civil Procedure will insure that federal officials are not harassed by frivolous lawsuits," *Id.* at 808, 102 S.Ct. at 2733 (quoting *Butz v. Economou,* 438 U.S. 478, 507-08, 98 S.Ct. 2894, 2911-12, 57 L.Ed.2d 895 (1978)).[5]

■ A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Green v. Maraio,* 722 F.2d 1013, 1015-16 (2d Cir.1983) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957)); 2A J. Moore, *Moore's Federal Practice* ¶ 12.08 at 2271, 2274 and 2284-85 n. 7 (citing cases) (2d Ed.1984). Plaintiff's claim premised upon "special assumpsit" is stated in vague and conclusory terms and fails to contain any factual allegations in support thereof; plaintiff does not allege the existence of an express contract or other promise made to the plaintiff

---

**5.** Rule 8(a)(2), Fed.R.Civ.P. requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

by the federal defendant upon which a suit might be premised. Accordingly, plaintiff's claim under "special assumpsit" must be dismissed.

■ Plaintiff's claim arising under "trespass on the case" is specifically barred by the Federal Tort Claims Act, 28 U.S.C. Section 2671 *et seq.* Title 28 U.S.C. § 2680(c) provides that the Act, although generally allowing for a tort action against federal defendants, does not apply to any claim "arising in respect of the assessment or collection of any tax." Under these circumstances plaintiff's claim of "trespass on the case" is dismissed. Plaintiff asserts claims arising under various unclearly specified provisions; these claims must be dismissed due to plaintiff's failure to specify the relevant provisions.

■ Plaintiff's prayer for relief includes a request for an injunction against the further collection of his overdue taxes. This type of injunction is specifically prohibited by the Tax Anti-Injunction Act, I.R.C. § 7421(a) which prohibits suits "for the purpose of restraining the assessment or collection of any tax." [6] *Hassan Kadah v. United States*, No. 81–CV–1253, slip op. at 1 (N.D.N.Y. Nov. 18, 1981). Accordingly, this court lacks jurisdiction to entertain plaintiff's request for an injunction.

■ Plaintiff also seeks the return of all money levied upon by the IRS. A taxpayer may maintain an action for a return of taxes assessed only after he has paid the full amount of the assessment and has filed an administrative claim with the IRS. I.R.C. § 7422; *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); *Altman v. Connally*, 456 F.2d 1114 (2d

Cir.1972). Since plaintiff has not complied with these statutory requirements, this court lacks jurisdiction to order the return of the monies seized to date.

## III

■ Plaintiff asserts a claim for breach of contract against Tuscan Dairy Farms, Inc. for its compliance with the notice of levy issued by the IRS upon accounts receivable owed by Tuscan Dairy to plaintiff.[7] The notice of levy was properly authorized under I.R.C. § 6321, pursuant to which defendant made payments to the IRS.

It has been recognized that "the indebtedness of a third party to a taxpayer is subject to distraint." *See, e.g., United States v. Long Island Drug Co.*, 115 F.2d 983, 985–86 (2d Cir.1940). Any party who surrenders property subject to an IRS levy "shall be discharged from any obligation or liability to the delinquent taxpayer with respect to such property ..." I.R.C. § 6332(d). Accordingly, plaintiff states no claim for relief against Tuscan Dairy for breach of contract.

## IV

■ Plaintiff claims that the defendants violated his civil rights under 42 U.S.C. § 1983, § 1985 and § 1994. An essential element of a claim under § 1983 is that plaintiff's rights were deprived by defendants acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 1732–34, 56 L.Ed.2d 185 (1978). Here the plaintiff has failed to show any state action whatsoever; rather the defendants acted in conformity with *federal* law. This does not constitute the requisite state action to maintain an action

---

6. An exception to I.R.C. § 7421 exists where the plaintiff establishes equity jurisdiction and demonstrates that under no circumstances could the United States prevail. *Enoch v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). The plaintiff here has failed to establish that his situation falls within this exception.

7. Though plaintiff's claims against Tuscan Dairy could be dismissed for lack of pendent jurisdiction upon dismissal of all claims against the federal defendant, the apparent lack of any legal basis for plaintiff's claims against Tuscan Dairy compels this court to discuss these claims. Additionally, this course seems prudent because of the probability that in a state court action for breach of contract against Tuscan Dairy, Tuscan Dairy would undoubtedly interpose as a defense the IRS notice of levy. The notice of levy appears to have been served properly and, therefore, is a complete defense to plaintiff's claim of breach of contract. *See* I.R.C. § 6332(d).

under 42 U.S.C. § 1983. *See Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir.1979).

 Plaintiff alleges that a conspiracy between the defendants violated his civil rights under § 1985. This circuit has developed stringent pleading requirements for allegations of a conspiracy to violate civil rights. *See 423 South Salina Street, Inc. v. City of Syracuse*, 566 F.Supp. 484, 493 (N.D.N.Y.1983). Unsubstantiated allegations of a conspiracy are insufficient to withstand a motion to dismiss. *See Contemporary Mission, Inc. v. United States Postal Services*, 648 F.2d 97, 107 (2d Cir. 1981). In the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985. *Campbell*, 610 F.2d at 702. Here plaintiff has failed to allege any facts in support of his conspiracy claims other than the defendant's actions authorized by the Internal Revenue Code. Thus, plaintiff's cause of action under 42 U.S.C. § 1985 must be dismissed.

Additionally, plaintiff's cause of action arising under § 1994 must also be dismissed. This statute, promulgated to implement the thirteenth amendment, does not apply to disgruntled taxpayers who feel held in peonage. *Lonsdale v. Egger*, 525 F.Supp. 610, 612 (N.D.Tex.1981), *appeal dismissed*, 673 F.2d 1325 (5th Cir.1982).

### V

Plaintiff also requests a grand jury investigation of the criminal charges against the defendants. There is no New York State law nor federal law authorizing a private individual to force the commencement of a grand jury investigation. Accordingly, this claim is dismissed.

Defendant Tuscan also requests the awarding of expenses, including attorney's fees. The apparent amount of plaintiff's outstanding tax liability convinces this court that this request should be denied.

For the foregoing reasons plaintiff's complaint is hereby dismissed pursuant to Rule 12(b)(1) and (b)(6), Fed.R.Civ.P.

It is so Ordered.