Thomas A. **POWERS**, Plaintiff,

v.

Sara **KAREN**, Defendant.

No. CV 90–1616.

United States District Court, E.D. New York.

July 3, 1991.

Thomas A. Powers, pro se.

D. Patrick Mullarkey, Chief, Civ. Trial Section by Shari L. Berlowitz, Northern Region, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, *pro se* plaintiff Thomas Powers ("plaintiff" or "Powers") asserts claims against defendant Sara Karen ("defendant" or "Karen") for violations of his constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as well as 18 U.S.C. §§ 241, 242, 872, 1621, 1623, 2383, and 2384. Currently before the Court are defendant's motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and plaintiff's motion to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff filed his complaint on May 11, 1990, alleging a deprivation of his constitu-

tional rights by defendant, who has been employed as a revenue officer of the Collection Division of the Internal Revenue Service ("I.R.S.") since July of 1982. A revenue officer's duties include, for purposes of this matter, the collection, by levy, of unpaid federal taxes together with applicable interest and penalties, as they have been assessed by the I.R.S., or accrued by operation of law. In furtherance of these duties, plaintiff was empowered with the authority to serve Notices of Levy upon delinquent taxpayers. The service of such Notices of Levy effects the seizure of the property of delinquent taxpayers pursuant to the Internal Revenue Code.

In March of 1987, defendant was assigned to collect plaintiff's unpaid federal tax liabilities for the tax periods ending December 31, 1983 and December 31, 1984. To that end, defendant contacted plaintiff and asserts that plaintiff informed her that he would not pay the tax liabilities. Additionally, defendant states that plaintiff refused to provide the financial information from which the I.R.S. could have determined his ability to pay the liabilities and the sources from which the liabilities could have been satisfied. (Declaration of Defendant at 3). After unsuccessfully attempting to compel payment of plaintiff's tax liabilities, defendant, in accordance with I.R.S. procedures, commenced an enforced collection action by filing notice of a federal tax lien. During this time, defendant learned that plaintiff had an insurance policy, with a cash loan value of $1,618.40, held by Prudential Insurance Company ("Prudential"). On April 23, 1987, defendant served a Notice of Levy on Prudential, who honored the levy, and remitted the net cash loan value of plaintiff's policy to the I.R.S.

It is plaintiff's contention that defendant's conduct violated his constitutional rights, claiming, *inter alia*, a deprivation of due process, violation of the Internal Revenue Code, and violations of various sections of the Civil Rights Act. Plaintiff seeks damages of $50,000 as well as injunctive relief. (Complaint at 15).

Defendant contends that plaintiff's claims are without merit in that she was acting pursuant to the authority prescribed by the I.R.S. and Internal Revenue Code, and that her conduct was limited to those prescribed powers. Moreover, defendant asserts, *inter alia*, that plaintiff's action is barred by the doctrine of sovereign immunity, and is time barred under section 214(5) of the New York Civil Practice Law and Rules.

## DISCUSSION

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court reiterated this standard when it instructed that "the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Supreme Court determined that "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23, 106 S.Ct. at 2552 (quoting Fed.R.Civ.P. 56(c)).

As a general rule, a *pro se* plaintiff is not held to a stringent standard of pleading. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (per curiam), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). However, " 'a complaint against a federal official, given the possibility of harassment and potential for interference with critical operations of government, must be held to an exacting standard.' " *Johnson v. United States*, 680 F.Supp. 508, 517 (E.D.N.Y.1987) (quoting *Frasier v. Hegeman*, 607 F.Supp. 318, 322 (N.D.N.Y.1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 807–08, 102 S.Ct. 2727, 2732–33, 73 L.Ed.2d 396 (1982))).

With these principles in mind, the Court turns to address the motions.

Plaintiff names Karen, an employee of the United States, as the sole defendant in this action. As noted above, defendant was, at the time of the events about which plaintiff complains, an I.R.S. revenue officer empowered with the authority to effectuate the seizure of delinquent taxpayers' property to satisfy unpaid federal tax liabilities.[1] Insofar as the Court determines that plaintiff's allegations fail in all respects to state any actionable claims against defendant, defendant's motion for summary judgment is granted.

■ Plaintiff alleges numerous violations of his constitutional rights. It is important to note that nowhere in the complaint nor in any of plaintiff's submissions to the Court does plaintiff articulate any facts which even suggest a constitutional violation by defendant. Nothing in the record indicates that defendant exceeded her statutory powers or that those powers were unconstitutional in any respect. In fact, it is only from defendant's papers that the Court is able to glean the basis of plaintiff's allegations. As stated, pleadings against federal officials are to be held to an "exacting standard." *Johnson*, 680 F.Supp. at 517. However, even extending to Powers every benefit normally afforded a *pro se* plaintiff, *Haines*, 404 U.S. at 520, 92 S.Ct. at 595, and viewing the evidence in the light most favorable to him as the nonmoving party, *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987), defendant is entitled to summary judgment as a matter of law.

In a case which substantially mirrors the one at issue, where plaintiff alleged violations of his constitutional rights, the District Court for the Northern District of New York determined that officers of the United States acting within the scope of their official functions are entitled to the same benefit of sovereign immunity enjoyed by the United States. *Frasier*, 607 F.Supp. at 320 (citing *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434

(1959)). In *Frasier*, a taxpayer brought an action in state court against an I.R.S. agent and the dairy farm upon which the I.R.S. served the Notice of Levy. The action was removed to the federal court and, on motion by defendants, the court dismissed the case. *Id.* at 324. The district court determined that, absent an allegation that the I.R.S. acted in bad faith, sovereign immunity extends to employees of the I.R.S. who merely follow I.R.S. procedures. *Id.* at 320 (citing *Babylon Milk and Cream Co., Inc. v. Rosenbush*, 233 F.Supp. 735 (E.D.N.Y.1964) (additional citation omitted)).

Likewise, in the case before this Court, defendant acted solely within the scope of her statutorily prescribed duties. Although plaintiff's complaint speaks at times of "defendants" and cites statutes which address conspiracy, plaintiff neither names the I.R.S. as a party nor alleges bad faith on the part of the I.R.S. In the absence of such allegations, this Court finds that no question of fact exists with regard to plaintiff's allegations of constitutional violations by defendant.

■ Plaintiff asks the Court to enjoin defendant from any "further or future actions against plaintiff of which acts may be in violation of any law of the United States." (Complaint at 15). An action for specific relief against an officer of the United States, affecting a plaintiff's property, is permitted against the officer individually only if the acts of the officer are not "within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are 'constitutionally void.'" *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 701–02, 69 S.Ct. 1457, 1467, 93 L.Ed. 1628 (footnote omitted), *reh'g denied*, 338 U.S. 840, 70 S.Ct. 31, 94 L.Ed. 514 (1949). Plaintiff does not allege any conduct on defendant's part beyond the scope of her authority as an officer of the United States. Similarly, plaintiff fails to demonstrate, in even the most oblique manner, that the authority upon which defendant

---

1. To this Court's knowledge, defendant remains employed by the I.R.S. as a revenue officer.

relied was "constitutionally void." *See, e.g.,* 26 U.S.C. §§ 6331, 6332.

█ Further, where, as here, the relief sought against an employee of the United States acting in furtherance of her statutory powers is, in reality, sought against the United States, the action will be deemed to be against the United States itself. *Frasier,* 607 F.Supp. at 322 (citing *Larson,* 337 U.S. at 688, 69 S.Ct. at 1460); *see also Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1962). Consequently, consistent with the principles enunciated by the Supreme Court, this Court will treat this action as one against the United States. *See id.*

█ Over a century ago, the Supreme Court declared that "the United States cannot be lawfully sued *without its consent* in any case." *United States v. Lee,* 106 U.S. 196, 204, 1 S.Ct. 240, 247, 27 L.Ed. 171 (1882) (emphasis added). Derived from English law, the doctrine of sovereign immunity has been applied consistently by the courts of the United States. Chemerinsky, FEDERAL JURISDICTION, § 9.2.1, at 470–71 (1989). In fact, the doctrine is so deeply entrenched in American law that only Congress can grant the consent necessary to sue the United States. *Id.* The Supreme Court has stressed that, absent a statute expressly granting the right to file a suit against the United States, courts are without jurisdiction to entertain such suits. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976) (citation omitted). Further, a waiver of sovereign immunity " 'cannot be implied but must be unequivocally expressed.' " *Id.* (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969) (additional citation omitted)).

Although it is almost impossible to determine from plaintiff's papers the causes of action he is attempting to raise, it is evident that the United States has not waived its immunity from suit in any manner contemplated by plaintiff. Even the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.,* which allows a plaintiff to file a tort action against a federal official, specifically exempts actions involving the "assessment or collection" of taxes. 28 U.S.C. § 2680(c). Likewise, the Tax Anti–Injunction Act, 26 U.S.C. § 7421(a), prohibits the injunctive relief that plaintiff seeks. *See Frasier,* 607 F.Supp. at 323 n. 6 (citation omitted) (pointing out that injunctive relief is available for restraining the assessment or collection of taxes only "where the plaintiff establishes equity jurisdiction and demonstrates that under no circumstances could the United States prevail.").

█ Plaintiff seemingly asserts that defendant violated his civil rights under 42 U.S.C. §§ 1983, 1985, and 1986 by filing a Notice of Levy on Prudential on April 23, 1987. All of these claims are barred on statute of limitations grounds. Plaintiff commenced this action on May 11, 1990. Defendant had contacted plaintiff and attempted to collect the unpaid taxes prior to filing the Notice of Levy. Therefore, this Court determines, in accordance with federal law, *see Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981), that plaintiff's cause of action accrued on April 23, 1987, more than three years prior to the commencement of plaintiff's action. Therefore, it is clear that plaintiff's § 1986 claim is barred by the one year statute of limitations which the statute itself provides.

█ In contrast, sections 1983 and 1985 do not specify a statute of limitations period. Congress has determined that state law governs when such a statute is "deficient." 42 U.S.C. § 1988; *Burnett v. Grattan,* 468 U.S. 42, 47–48, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36 (1984) (providing for a three-part inquiry: courts first look to federal law; if none exists, the law of the forum state is determined, and applied if the state law is not inconsistent with federal law's purpose).

In *Wilson v. Garcia,* the Supreme Court decided that a section 1983 claim is most closely akin to a state law claim for personal injuries. 471 U.S. 261, 273, 105 S.Ct. 1938, 1945, 85 L.Ed.2d 254 (1985). It is to be noted that section 1983 does not create substantive rights but, rather, is remedial in nature. *Id.* at 278, 105 S.Ct. at 1948.

On that basis, the Supreme Court has directed that courts apply the forum state's statute of limitations for such actions. *See id.* at 280, 105 S.Ct. at 1949. Accordingly, plaintiff's claim under section 1983 is time barred by New York's applicable three year statute of limitations under section 214(5) of New York Civil Practice Law and Rules.

██ The Court notes that even if plaintiff had timely filed his claim under section 1983, his claim is without merit. Section 1983 plainly requires a showing that defendant violated the Constitution or laws thereunder while acting "under color of any statute, ordinance, regulation, custom, or usage of any state or territory." § 1983. Simply put, plaintiff must demonstrate that defendant acted "under color of state law." *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds; Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978)). In this case, plaintiff does not allege any state action. All that can be ascertained by the Court is that defendant acted *pursuant to federal law.*[2]

 Plaintiff's section 1985 conspiracy claim also is barred on statute of limitations grounds. Again, even if plaintiff had brought this claim within the requisite period of time, the claim is without merit. The pleading requirements for alleging a conspiracy are stringent and must be substantiated. *Frasier*, 607 F.Supp. at 324 (citing *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir.1981)). In his complaint, plaintiff uses the word "conspiracy" but completely fails to allege any facts which would support a conspiracy. Similarly, plaintiff's various conspiracy claims under Title 18 are baseless. Finally, because sections 241 and 242 do not provide for a private right of action, plaintiff's reliance on them is misplaced. *See Dugar v. Coughlin*, 613 F.Supp. 849 (S.D.N.Y.1985).

In sum, defendant's motion for summary judgment is granted in its entirety. Viewing the facts in the light most favorable to plaintiff as the nonmoving party, *Donahue*, 834 F.2d at 57, this Court is nevertheless compelled to find that there is "no genuine issue as to any material fact and that [defendant] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Moreover, plaintiff's responsive papers fall far short of setting forth any genuine issues to be decided at trial, as required by Rule 56(e) of the Federal Rules of Civil Procedure.

Finally, in light of this Court's grant of defendant's motion for summary judgment, plaintiff's motion to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure is denied. The Court notes, however, that the amendments contemplated by plaintiff would not have impacted on this Court's decision.

### CONCLUSION

For the reasons set forth, defendant's motion for summary judgment is granted. The Clerk of the Court is directed to close the file on this case.

SO ORDERED.

---

**2.** Hence, had plaintiff attempted to raise a cause of action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* and its progeny, such claim would have failed for want of a constitutional violation by defendant. *See* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).