**George HOM, Plaintiff,**

**v.**

**The Honorable Lawrence BRENNAN, J.F.C, The Honorable Carnell Foskey, J.F.C., Dorothy Phillips, Esq., Law Department Supervisor, Debbie Mehr, Family Court Clerk Supervisor, New York State Governor George Pataki, Lois Grossman, Esq., Defendants.**

No. 03–CV–2198 (ADS)(ETB).

United States District Court, E.D. New York.

Jan. 29, 2004.

George Hom, Westbury, NY, Pro Se, Plaintiff.

Garbarini & Scher, P.C., New York City (Gregg D. Weinstock, of Counsel) for the Defendant Lois Grossman.

Eliot Spitzer, Attorney General of the State of New York by Ralph Pernick, Assistant Attorney General, Mineola, NY, for the Honorable Lawrence Brennan, J.F.C., The Honorable Carnell Foskey, J.F.C., Dorothy Phillips, Esq., Debbie Mehr, New York State Governor George Pataki.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff George Hom (the "plaintiff" or "Hom"), proceeding *pro se,* commenced an action in the New York State Supreme Court, County of Nassau against the Honorable Lawrence Brennan, J.F.C. ("Judge Brennan"), the Honorable Carnell Foskey, J.F.C. ("Judge Foskey"), Dorothy Phillips, Esq. ("Phillips"), Debbie Mehr ("Mehr"), and New York State Governor George Pataki ("Pataki") (collectively, the "State Defendants"), and Lois Grossman, Esq. ("Grossman") (collectively, the "defendants") alleging, among other things, that the defendants deprived him of his civil rights in violation of 42 U.S.C. § 1983 ("Section 1983").

Grossman filed a Notice of Removal to this Court with the consent of the State Defendants. Presently before the Court are: (1) the plaintiff's motion to remand the action back to the New York State Supreme Court, County of Nassau with costs and sanctions; (2) Grossman's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 12(b)(6); and (3) Six separate motions by the plaintiff to supplement his complaint so as to set forth events which have happened since the filing of his complaint.

## I. BACKGROUND

The facts are taken from the plaintiff's verified complaint unless otherwise noted.

The complaint states that the plaintiff is currently involved in litigation in the Nassau County Family Court against his former spouse Jane Zullo (the "Family Court action").

On or about November 1, 2001, the Family Court action was re-assigned to Judge Brennan. The plaintiff alleges that during the time in which Judge Brennan was presiding over the family court case, he "deliberately displayed open bias against [the] plaintiff." Compl. ¶ 6. For example, the plaintiff alleges that from November 1, 2001 through February, 2003, Judge Brennan held scheduled monthly open court appearances in which the he allegedly "continuously, willfully, and repeatedly threatened and intimidated" the plaintiff, Compl. ¶ 8b. The plaintiff further alleges that from November 1, 2001 through March 27, 2003, Judge Brennan allegedly "delayed the administration of his judicial duties" by not addressing certain motions. Compl. ¶ 10.

On or about March 13, 2002, Phillips, the supervising law clerk at the Family Court, held a closed door conference with respect to a then pending custody/visitation proceeding. After this proceeding, Phillips allegedly threatened and coerced the plaintiff into settling his custody petition. The plaintiff further claims that on or about June 11, 2002, Phillips allegedly conspired with a representative at the Nassau–Suffolk Law Services by engaging in "ex-parte communications with Nassau–Suffolk Law Services" in which the "actual directives of a certain court order dated March 22, 2002 were altered." Compl. ¶ 15(b). As a result, the plaintiff allegedly suffered "extraordinary damages."

Almost one year later, on or about March 25, 2003, the plaintiff filed an Article 78 petition in the New York State Supreme Court, County of Nassau to, among other things, demanding that Judge Brennan recuse himself from the Family Court action. On April 3, 2003, Judge Brennan recused himself and the case was subsequently transferred to Judge Foskey.

On April 7, 2003, upon Judge Foskey's request, Grossman, a supervising attorney with the Nassau–Suffolk Law Services Committee who represents Zullo, provided a case status report and allegedly misstated certain information regarding an incarceration proceeding. The plaintiff alleges that after he responded to Grossman's allegedly incorrect status report, Judge Foskey held an incarceration proceeding after which the plaintiff was incarcerated overnight. The plaintiff further alleges that his incarceration was also caused by Judge Brennan's delays in reducing his court rulings into writing. Grossman allegedly gave two boxes of donuts to "someone in the Law Department office" in exchange for documents which the plaintiff later learned was a copy of his order to show cause. Compl. ¶ 31.

On or about April 21, 2003, the plaintiff, proceeding *pro se*, commenced this action in the New York Supreme Court, County

of Nassau. The complaint entitled "Amended Article 78 Proceeding [ ] and Sect[ion] 1983 Litigation in State Court" asserts nine causes of action including, among other things that Judge Brennan, together with the other defendants, conspired to deprive the plaintiff of his civil rights as guaranteed to him under the United States Constitution. Compl. ¶ 46.

On May 7, 2003, Grossman filed a Notice of Removal to this Court with the consent of the State Defendants. On May 16, 2003, the plaintiff filed a motion to remand the case back to the New York State Supreme Court, County of Nassau. Presently before the Court are: (1) the plaintiff's motion to remand the action back to the New York State Supreme Court, County of Nassau with costs and sanctions; (2) Grossman's motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6); and (3) Six motions by the plaintiff to supplement his complaint so as to set forth events which have happened since the filing of his complaint. The Court notes that the State Defendants make reference to a motion to dismiss the complaint that they filed in the State Supreme Court, County of Nassau prior to the filing of the Notice of Removal. However, because that motion was never filed with this Court, it cannot be considered by this Court.

## III. DISCUSSION

### A. Remanding the Action

28 U.S.C. § 1447(c) states that a case shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over an action removed from a state court to a federal court]." Subject matter jurisdiction may be based on a federal question, see 28 U.S.C. § 1331, or diversity of citizenship. See 28 U.S.C. § 1332.

■ In order to determine whether the Court has subject matter jurisdiction over an action removed from a state court to a federal court, a court is limited to an examination of the allegations on the face of the plaintiff's complaint in the underlying action. *W. 14th St. Comm. Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 193 (2d Cir.1987); see also *Hernandez v. Conriv Realty Assoc.*, 116 F.3d 35, 37 (2d Cir. 1997) ("Aside from diversity of citizenship jurisdiction, a case generally may be filed in federal court only if a federal question appears on the face of the plaintiff's 'well-pleaded complaint.' ") (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). Whether a complaint raises a federal question,

> must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914). Thus, regardless of whether a defendant intends to assert a defense invoking federal law, a case cannot be removed unless there exists either a federal question or diversity jurisdiction on the face of the original complaint. See *Hernandez*, 116 F.3d at 38.

■ Here, not only has the plaintiff titled his action "Sect[ion] 1983 Litigation," but throughout the complaint, the plaintiff specifically states that jurisdiction is based on, among other things, Section 1983. In addition, the plaintiff makes several references to alleged violations of his civil rights and specifically indicates that "[Judge] Brennan[,] together with most if not all of the ... co-defendants, ha[ve] conspired to retaliate against [the plaintiff] ... and to deprive [the][p]laintiff of his

[c]ivil [r]ights as guaranteed to him under the United States Constitution." Compl. ¶ 46.

Thus, because the underlying complaint raises a federal question under Section 1983, the Court has subject matter jurisdiction over this action. Accordingly, Hom's motion to remand this case back to the New York State Supreme Court is denied.

## B. Grossman's Motion to Dismiss

As stated above, Grossman filed a motion to dismiss the claims against her for failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6).

### 1. Rule 12(b)(6)

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). The court must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally. *See Tarshis v. Riese Org.,* 211 F.3d 30, 35 (2d Cir.2000) (citing *Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir. 1999)). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995).

In addition, the Court must liberally interpret the complaint of a *pro se* plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Williams v. Smith,* 781 F.2d 319, 322 (2d Cir.1986).

Nevertheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck,* 710 F.2d 90, 92 (2d Cir.1983) (citations omitted).

### 2. As to Grossman

■ As stated above, the plaintiff alleges that on April 7, 2003, upon Judge Foskey's request, Grossman provided a case status report and misstated certain information regarding an incarceration proceeding. The plaintiff alleges that after he responded to Grossman's allegedly incorrect status report, Judge Foskey ordered that the plaintiff be taken into custody. The plaintiff was subsequently incarcerated for one night.

The plaintiff also claims that on April 10, 2003, he saw Grossman give two boxes of donuts to "someone in the Law Department office." Compl. ¶ 31. The plaintiff claims that these donuts were exchanged for "an illegal preview" of the Order to Show Cause that the plaintiff filed on April 9, 2003. Compl. ¶ 36.

The plaintiff does not specifically indicate the theory under which Grossman is allegedly liable. However, contrary the plaintiff's contention, Grossman, a supervising attorney with the Nassau–Suffolk Law Services, is not a state actor for purposes of Section 1983. *See Fariello v. Rodriguez,* 148 F.R.D. 670, 686 (E.D.N.Y. 1993) (holding that a staff attorney with the Nassau–Suffolk Law Services is not a state actor); *see also Neustein v. Orbach,* 732 F.Supp. 333, 345 (S.D.N.Y.1990) (court appointed private counsel are not considered to be acting under "color of state law"); *Lefcourt v. Legal Aid Soc.,* 445 F.2d 1150, 1157 (2d Cir.1971) (holding that the Legal Aid Society is private entity which does not "act under color of state law" by representing clients). Thus, Grossman

may only be subjected to a Section 1983 action if she conspired with or willfully engaged in joint activity with the state or its agents. *See Fariello,* 148 F.R.D. at 686.

■ To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act. *Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir. 1992). "In final analysis the question is whether 'the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the State.'" *Id.* (quoting *National Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 199, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988)). Here, the plaintiff fails to allege with particularity what the alleged conspiracy is, the purpose of the conspiracy, who was involved in the conspiracy, the existence of an act in furtherance of the conspiracy, or that he was injured as a result of the conspiracy

■ In construing the *pro se* plaintiff's complaint liberally, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the plaintiff fails to set forth a cause of action against Grossman for conspiracy or for anything else. Accordingly, Grossman's motion to dismiss the Section 1983 causes of action against her pursuant to Rule 12(b)(6) is granted. Having dismissed the federal claims against Grossman, the Court will also dismiss any claims pursuant to New York state law that the plaintiff intended to bring against Grossman. *See Arroyo v. City of New York, et al.,* No. 99 Civ. 1458, 2003 WL 22211500, at *3 (E.D.N.Y. Sept. 25, 2003) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *see also Karmel v. Liz Claiborne, Inc.,* No. 99 Civ. 3608, 2002 WL 1561126, at * 3 (S.D.N.Y. July 15, 2002) ("[w]hen federal claims are dismissed early in the litigation—for example, before trial on a summary judgment motion—dismissal of state law claim[s] . . . is appropriate.") (citation omitted).

## C. Plaintiff's Motions for Leave to Supplement His Complaint

As stated above, the plaintiff filed six separate motions for leave to file supplemental pleadings and/or add additional defendants.

Under Fed.R.Civ.P. 15(d), a federal district court may "upon reasonable notice and upon such terms as are just", permit [a] party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Absent "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served pleading, or futility, the motion should be freely granted." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Katzman v. Sessions,* 156 F.R.D. 35, 38 (E.D.N.Y. 1994). However, if an amendment is futile, "it is not an abuse of discretion to deny leave to amend" to the moving party. *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993). A determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss under Rule 12(b)(6). *See A.V. By Versace, Inc. v. Gianni Versace, S.p.A.,* 160 F.Supp.2d 657, 666 (S.D.N.Y.2001); *see also Randolph–Rand Corp. of New York v. Tidy Handbags, Inc.,* No. 96 Civ. 1829, 2001 WL 1286989, at *5 (S.D.N.Y., Oct.24, 2001) (An amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." (quoting *Jones v. New York Div. of Military & Naval Affairs,* 166 F.3d 45, 55 (2d Cir.1999))).

### 1. Plaintiff's First Motion for Leave to File Supplemental Pleadings

On June 30, 2003, Hom filed a motion for leave to file supplemental pleadings and to add an additional co-defendant. In particular, the plaintiff seeks to: (1) add Judge Richard Lawrence ("Judge Lawrence"), the third Family Court Justice assigned to the plaintiff's proceedings, as a defendant; and (2) to add "Further Damages Caused by Defendant Judge Brennan" resulting from Judge Brennan's issuance of a "Remand Order" on March 25, 2003 that was adverse to the plaintiff. Compl. ¶ 18.

#### a. Absolute Judicial Immunity

■ Plaintiff seeks to add Judge Lawrence as a defendant in this action based on Justice Lawrence's alleged "blatantly abusive actions against [the plaintiff]" during several May, 2003 hearings. Compl. ¶ 16. However, because Judge Lawrence is protected by judicial immunity, such an amendment would be futile.

It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities or within his or her jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 9–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Maestri v. Jutkofsky*, 860 F.2d 50, 52–53 (2d Cir.1988). The rule of absolute judicial immunity is necessary because "principled and fearless decision-making" will be compromised if a judge "fears that unsatisfied litigants may hound him with litigation charging malice or corruption." *Vasile v. Dean Witter Reynolds Inc.*, 20 F.Supp.2d 465, 489 (E.D.N.Y.1998) (internal quotations and citation omitted).

The Supreme Court has emphasized that the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct.

1099, 55 L.Ed.2d 331 (1978) (citation omitted). Absolute immunity exists "however erroneous the act may have been, however injurious in its consequences it may have proved to the plaintiff." *Bradley v. Fisher*, 80 U.S. 335, 347, 13 Wall. 335, 20 L.Ed. 646 (1871). Indeed, the doctrine of judicial immunity is so expansive that it is overcome only when (1) the action is nonjudicial, *i.e.*, not taken in the judge's judicial capacity; or (2) the action, although judicial in nature, is performed in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12, 112 S.Ct. 286.

Here, Hom's claims against Judge Lawrence stem from his actions while presiding over two proceedings in Family Court. Nothing in the record suggests that Judge Lawrence was without jurisdiction over the proceeding or that he acted outside his judicial capacity. *See Vasile*, 20 F.Supp.2d at 489. To the extent that the proceeding may have allegedly been conducted in an irregular or erroneous manner does not abrogate the immunity. *Stump*, 435 U.S. at 363 n. 12, 98 S.Ct. 1099. As such, Judge Lawrence is entitled to absolute judicial immunity against damages claims resulting from the acts of which the plaintiff complains. Accordingly, the potential claims against Judge Lawrence are futile and the plaintiff's motion to add Judge Lawrence as a defendant is denied.

#### b. The Rooker–Feldman Doctrine

■ To the extent that the proposed supplemental claims seek to challenge Judge Brennan's issuance of a "Remand Order," this Court lacks subject matter jurisdiction to decide the claims under the *Rooker–Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under this doctrine, "federal dis-

trict courts lack jurisdiction to review state court decisions whether final or interlocutory in nature," *Gentner v. Shulman,* 55 F.3d 87, 89 (2d Cir.1995), and "federal review, if any, can occur only by way of a certiorari petition to the Supreme Court," *Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 197 (2d Cir.1996). "Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment." *Hachamovitch v. DeBuono,* 159 F.3d 687, 693 (2d Cir.1998).

This doctrine also prohibits a district court review of state court judgments to claims that are "inextricably intertwined" with a state court's determinations. *Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir.2002). A claim is inextricably intertwined when "at a minimum, ... a federal plaintiff had an opportunity to litigate a claim in a state proceeding (as either the plaintiff or defendant in that proceeding), ... [and] the claim ... would be barred under the principles of preclusion." *Id.* (internal quotations and citation omitted). On the other hand, "where the claims were never presented in the state court proceedings and the plaintiff did not have an opportunity to present the claims in those proceedings, the claims are not 'inextricably intertwined' and therefore not barred by *Rooker Feldman.*" *Id.* at 118 (internal quotations and citation omitted).

Hom's allegations that Judge Brennan caused him further damages arise from his issuance of a Remand Order which Judge Brennan allegedly "crafted" this order to intentionally "mislead" the plaintiff. Aff. in Support of Mot. to Suppl. ¶ 19. Because this claim is inextricably intertwined with the state court's determinations and could have been raised in state court, either in the Family Court or on appeal, the *Rooker–Feldman* doctrine bars the plaintiff from re-litigating these issues that were

decided by Judge Brennan. Accordingly, Hom's motion for leave to file supplemental pleadings is denied.

### 2. Plaintiff's Second Motion for Leave to File Supplemental Pleadings

On July 14, 2003, the Plaintiff filed a Second Motion for Leave to File Supplemental Pleadings. In particular, the plaintiff seeks to supplement the pleadings with more details about: (1) Judge Brennan's March 25, 2003 Remand Order; and (2) Phillips's alleged "sabotage" of the plaintiffs ongoing family court case. Aff. ¶ 23.

As stated above, allegations involving Brennan's March 25, 2003 Remand Order are barred by the *Rooker–Feldman* doctrine. In addition, as supervising law clerk at the Family Court, Phillips has absolute immunity from the plaintiff's potential claims. *See Burns v. Reed,* 500 U.S. 478, 498–502, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (Immunity extends not only to judges but to other persons engaged in a judicial function, which is defined as the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights."). Accordingly, Hom's second motion for leave to file supplemental pleadings is denied.

### 3. Plaintiff's Third Motion for Leave to File Supplemental Pleadings

On July 24, 2003, the Plaintiff moved for leave to file a third supplemental pleading so as to add claims against Grossman that she "barraged [his] attorney with disparaging and defamatory remarks" and "even addressed [his] attorney by her first name." Aff. ¶ 2. Hom also seeks to join Hearing Examiner Tejinder S. Kahlon ("Kahlon") and Court Reporter Gabriella Elmendorf ("Elmendorf") as co-defendants.

As set forth above, Hom's additional claims against Grossman would fail to survive a motion to dismiss as Grossman is not subject to liability under Section 1983. In addition, because hearing examiners in the Family Court are deemed to be the functional equivalent of judges for purposes of absolute immunity, *Butz v. Economou*, 438 U.S. 478, 513, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir.1987), any claims against Kahlon would also fail. Moreover, Gabriella is entitled to qualified immunity against Hom's claims that she "took too long to forward transcripts to [him]." *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993) (holding that the failure of a court reporter to produce a trial transcript in timely fashion was covered by qualified, not absolute immunity). Accordingly, Hom's third motion for leave to file supplemental pleadings is denied.

### 4. Plaintiff's Fourth Motion for Leave to File Supplemental Pleadings

On August 26, 2003, the plaintiff filed a motion for leave to file fourth supplemental pleadings so as to add allegations that Grossman engaged in a conspiracy by not correcting Judge Lawrence when he sentenced the plaintiff to jail for failure to pay child support. As set forth above, these claims were already determined to be insufficient to establish Grossman's liability under Section 1983. Thus, Hom's fourth motion for leave to file supplemental pleadings is denied.

### 5. Plaintiff's Fifth Motion for Leave to File Supplemental Pleadings

On October 21, 2003, the plaintiff filed, for the fifth time, a motion for leave to file supplemental pleadings. The plaintiff seeks to assert federal charges under 18 U.S.C. §§ 241 and 371 against the defendants. However, because neither of these statutes provide a private right of action, *see Powers v. Karen*, 768 F.Supp. 46, 51 (E.D.N.Y.1991) *aff'd*, 963 F.2d 1522 (2d Cir.1992); *see also Dugar v. Coughlin*, 613 F.Supp. 849, 852 note 1 (S.D.N.Y.1985) (holding that 18 U.S.C. § 371 does not provide the basis for an implied right of action), these claims would not survive a motion to dismiss. Accordingly, plaintiff's fifth motion for leave to file supplemental pleadings is denied.

### 6. Plaintiff's Sixth Motion for Leave to File Supplemental Pleadings

On January 20, 2004, the plaintiff filed motion for leave to file sixth supplemental pleadings to set forth a cause of action under 18 U.S.C. § 371. As stated above, there is no private right of action under this statute. Therefore the plaintiff's sixth motion for leave to file supplemental pleadings is denied.

### D. Leave to Amend

Because the plaintiff has attempted to amend and supplement his complaint six times, the Court declines to grant the plaintiff another opportunity to amend his complaint. *See Pangburn v. Culbertson*, 200 F.3d 65, 70–71 (2d Cir.1999) ("Futility is a valid reason for denying a motion to amend ... where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims.") (internal quotations and citation omitted).

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the plaintiff's motion to remand the action to the Supreme Court, County of Nassau with costs and sanctions is **DENIED**; and it is further

**ORDERED**, that defendant Lois Grossman's motion to dismiss the claims against her pursuant to Rule 12(b)(6) is **GRANTED**; and it is further

**ORDERED**, that the plaintiff's six motions for leave to file supplemental pleadings are all **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to amend the caption to read as follows:

George Hom, Plaintiff,

against

The Honorable Lawrence Brennan, J.F.C., The Honorable Carnell Foskey, JFC, Dorothy Phillips, Esq., Law Department Supervisor, Debbie Mehr, Family Court Clerk Supervisor, New York State Governor George Pataki, Defendants.

**SO ORDERED.**