**UNITED STATES of America,**
**Plaintiff,**
v.
**Vincent MAURO, Defendant.**

United States District Court
S. D. New York.

June 30, 1965.

Robt. M. Morgenthau, U. S. Atty., for the United States; John R. Horan, Asst. U. S. Atty., of counsel.

David M. Markowitz, New York City, for defendant.

LEVET, District Judge.

A motion for reargument has been made by the taxpayer and consented to by the United States. The action seeks to reduce a jeopardy assessment of income tax liability to judgment. The facts shown upon this motion are as follows:

(1) The defendant was and is presently domiciled in the State of New York, formerly residing at 155 East 52 Street, New York, N. Y. and 3824 Bronx Boulevard, Bronx, New York.

(2) On February 15, 1962, an income tax liability for the year 1960 was assessed against defendant, Vincent Mauro, in the amount of $49,359.20, plus interest. This assessed amount plus accrued interest totals $51,864.96, none of which has been paid. (See Exhibit A attached to motion papers.)

(3) This income tax assessment in the amount of $51,864.96 (Ex. A) was a so-called "jeopardy assessment," made by the District Director of Internal Revenue pursuant to authority granted him in 26 U.S.C. § 6861. (See Ex. B attached to motion papers.)

(4) Demand for the aforementioned tax liability was made upon defendant pursuant to 26 U.S.C. § 6861 on February 15, 1962. Subsequently, a delinquent account of the aforementioned tax liability was issued on February 15, 1962. (See Ex. A and Ex. C.)

(5) On June 26, 1962, defendant petitioned the Tax Court of the United States for a redetermination of the jeopardy assessment of income tax deficiency and a penalty made on February 15, 1962 totalling $73,992.80. Petitioner has failed to press said action and no steps towards its conclusion have been taken in over two years.

(6) This action was duly commenced on July 6, 1964 by the filing of the complaint herein, and on July 14, 1964 the defendant was served with a copy of the complaint at the United States Penitentiary at Atlanta, Georgia. An answer was served on July 21, 1964, admitting the aforesaid domicile and that a delegate of the Secretary of the Treasury made a jeopardy income tax assessment against him and served him with a demand therefor as set forth in the complaint.

(7) There is no dispute as to the material facts as set forth in the statement submitted by plaintiff pursuant to Rule 9(g) of the General Rules of this court.

## LAW

This is an action under 26 U.S.C. § 7403 to enforce a lien based on a jeopardy assessment.

The pendency of a suit in the Tax Court for review of the deficiency does not preclude the prosecution of this

action if a bond has not been filed. Cohen v. United States, 297 F.2d 760, 773–774 (9th Cir.), cert. denied, 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962). The opposing affidavit makes no reference to the filing of a bond.

■ The taxpayer may challenge the underlying merits of the assessment here. United States v. Lease, 2 Cir., 1965, 346 F.2d 696; 26 U.S.C. § 7403(c). Indeed, failure to raise available defenses will be prejudicial since the conclusion of this action will foreclose later consideration of the merits of the tax in the Tax Court or a District Court. United States v. Shahadi, 64–1 U.S.T.C. ¶ 9411 (D.C. N.J.1964); see C. I. R. v. Sunnen, 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

■■ The assessment is prima facie evidence of defendant's liability. United States v. Lease, supra; United States v. Strebler, 313 F.2d 402, 403–404 (8th Cir. 1963). "[T]he burden is therefore on the taxpayer in the first instance to disprove the computations made by the Commissioner * * *." United States v. Lease, supra, 346 F.2d 701. The United States is entitled to the benefit of this presumption or imposition of the burden of going forward with the evidence on a motion for summary judgment. Engl v. Aetna Life Ins. Co., 139 F.2d 469 (2nd Cir. 1943).

The opposing affidavit, sworn to by defendant's counsel, says that "the jeopardy assessment herein is without foundation * * *." It further states that "The assessment merely stated that the defendant realized additional taxable income of $75,000 for the year 1960, which was not reported on his return. Aside from that blank statement, no other facts were supplied to him concerning this assessment."

It is true that there is no statement anywhere in the file of this case which indicates the facts underlying the tax. The exhibits submitted by the United States, the Certificate of Assessments and Payments, Jeopardy Assessment Certificate and State of Tax Due all refer to the amount of the tax, but make no reference to the reason it is owing.

■ However, the United States need only put the assessment in evidence at the outset. It then is up to the taxpayer to make a showing countering the assessment. "The taxpayer is the one initially in the best position to know what income he had and how he disposed of it. Good records will go far to overcome the presumption of correctness attaching to the assessment. A strong enough showing will induce a prudent Government attorney to back up the assessment with the basis on which it was made, so that the factual differences may be resolved by the fact-finder." United States v. Lease, 346 F.2d 700.

Here the taxpayer has failed to sustain his burden and summary judgment for the United States is, therefore, appropriate.

This memorandum supersedes previous consideration of this motion for summary judgment.

The order of March 19, 1965 is to remain in effect.

So ordered.