**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leroy J. JENKINS, and Ann Jenkins,**
**Defendants-Appellants.**

**No. 85–1114**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1986.

---

Leroy J. Jenkins, Ann Jenkins, pro se.

James A. Rolfe, U.S. Atty., Fort Worth, Tex., Victor Conrad, Tax Div., Dept. of Justice, Dallas, Tex., Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Sec., William S. Estabrook, Joan I. Oppeheimer, Attys., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before CLARK, Chief Judge, and WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM.

I

In August 1976, taxpayers Leroy J. and Ann M. Jenkins were notified of deficiencies for the tax years 1972 through 1974. On November 26, 1976, a letter was filed in the United States Tax Court. The letter, which was captioned "PETITION," stated: "I hereby *PROTEST* your Notice of Deciciency [sic] dated Aug. 24, 1976 Ident. No: DD:Dallas:A:S:90–D:306." Beneath this sentence were Leroy Jenkins' signature and the typewritten names of both Leroy and Ann Jenkins.

The Tax Court determined that this document did not comply with court rules fixing the form and content of a proper peti-

tion and requiring a $10.00 filing fee. The Tax Court sent the taxpayers a standard form letter advising them of this noncompliance, enclosing a proper petition form, and ordering them to file a proper amended petition by January 31, 1977. This letter also advised the taxpayers that if they failed to file an amended petition, with the $10.00 filing fee, by that date, "the case will be dismissed and a decision in the amount of the deficiency determined by the respondent [Commissioner of Internal Revenue] will be entered against the petitioner [taxpayers], or other action taken as the Court deems appropriate." In response to another letter of protest from Leroy Jenkins, the Tax Court waived the filing fee and extended the deadline for filing an amended petition to February 28, 1977. After the taxpayers failed to comply with the new deadline, the Tax Court dismissed the case and entered deficiencies against both of them. No appeal was taken from this decision, although the taxpayers filed at least two pro se complaints in U.S. District Court during 1977.

On August 17, 1982, the United States commenced the present action in federal district court to reduce the deficiencies to judgment and to foreclose the tax lien on the taxpayers' home. The government urged the district court to refuse to reconsider the Tax Court's decision on the merits. Leroy Jenkins argued that the Tax Court had failed to acquire jurisdiction over him because he had never filed a proper petition in that court; Ann Jenkins argued that the Tax Court had failed to acquire jurisdiction over her because she had signed no documents filed in that court. The district court rejected both arguments and entered judgment in favor of the government. The taxpayers have appealed to this court.

II

If the Tax Court had jurisdiction over these taxpayers, the district court was precluded by the doctrine of res judicata from

reconsidering the merits of the Tax Court's decision as to tax liability. *See Finley v. United States*, 612 F.2d 166, 170 (5th Cir. 1980); *United States v. Maxwell*, 459 F.2d 22, 23–24 (5th Cir.1972). The principal question in this appeal is whether the letter filed in Tax Court on November 26, 1976, which did not conform with the Tax Court's rules for petitions, could nonetheless be a "petition" for purposes of conferring jurisdiction on the Tax Court. We have already implicitly answered this question in the affirmative. *See Crandall v. Commissioner*, 650 F.2d 659 (5th Cir.1981).

It follows that the Tax Court had jurisdiction over the claim involving Leroy Jenkins, the signatory of the letter filed in Tax Court on November 26, 1976, and that the principle of res judicata precludes further litigation of his tax liability in the district court or here. Because Leroy Jenkins was clearly warned of the consequences of a failure to file a proper and timely amended petition, there is no hint of unfairness in this result. His pro se status does not give him a privilege to ignore reasonable court rules and procedures.

The government now concedes, however, that because Ann Jenkins did not sign the petition that was filed in Tax Court and because there is no evidence that she ratified her husband's signing of the petition, the Tax Court never acquired jurisdiction over her. We agree and accordingly must remand to the district court to reconsider allowing Ann Jenkins to challenge the merits of the tax assessment against her.

The government also states that the deficiencies against both taxpayers have now been fully satisfied and that there is no need to proceed with the foreclosure ordered by the district court. On remand, the district court should therefore consider vacating the order of foreclosure. We leave the district court to make an initial decision about any issues of mootness that may be raised by the taxpayers' having satisfied the deficiencies.

VACATED AND REMANDED.