UNITED STATES of America, Plaintiff,

v.

Lou BARRETTO, Defendant.

Lou BARRETTO, Plaintiff,

v.

INTERNAL REVENUE SERVICE, Allan N. Taffet, Ron Lewis, and Tom McCauley, Defendants.

Nos. 88 Civ. 1603 (PKL), 88 Civ. 2711 (PKL).

United States District Court, S.D. New York.

March 15, 1989.

Lou Barretto, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Allan N. Taffet, of counsel), for U.S.

ORDER AND OPINION

LEISURE, District Judge:

FACTUAL BACKGROUND

On or about April 26, 1982, the Internal Revenue Service (the "IRS"), pursuant to 26 U.S.C. § 6201(a), made an assessment in the amount of $20,655.71 against Lou Barretto ("Barretto") for the taxable year ending December 31, 1976. That assessment represented federal income taxes owed by Barretto, plus interest and statutory additions. The United States of America (the "Government") alleges that despite notice and due demand, Barretto has neglected or refused to pay the full amount of the assessed liability. Therefore, on or about November 22, 1987, the IRS imposed a levy on the wages of Barretto to collect the outstanding monies due and owing the government.

Barretto acknowledges receiving a notice of deficiency in 1977, while in federal pris-

on in Miami, Florida. Barretto Complaint ¶ 5.[1] That notice stated that Barretto owed federal income taxes in the amount of $13,325.00 for the taxable year 1976. On or about August 31, 1978, Barretto allegedly filed a petition in United States Tax Court challenging the IRS notice of deficiency. *See* Affidavit of Ronald Lewis, Esq., sworn to on May 10, 1988 ("Lewis Aff."); United States Tax Court Order of Dismissal and Decision dated January 6, 1982, in *Barretto v. Commissioner of Internal Revenue Service*, attached as Exhibit B to Defendants' Notice of Motion. On or about April 26, 1982, the IRS formally assessed the amount of taxes due and owing plaintiff. Thereafter, notices of a federal tax lien were recorded in Wayne County, Michigan and in New York County, New York.

On March 11, 1988, the Government, by its counsel, Allan N. Taffet ("Taffet"), an Assistant United States Attorney, commenced an action in the United States District Court for the Southern District of New York, identified in the above caption as No. 88 Civ. 1603. The action was brought on behalf of the IRS and sought to reduce the outstanding assessment to judgment. In an early pretrial conference, Taffet and Ronald Lewis ("Lewis"), as counsel for the IRS, explained to this Court the bases for the Government's contention that Barretto owed substantial taxes to the federal government. Barretto claims that the statements made by counsel for the Government at this hearing were inaccurate. Barretto Complaint ¶ 1. Instead of filing a counterclaim, Barretto thereafter instituted a separate action against the IRS, Taffet, Lewis and Tom McCauley ("McCauley"), identified above as 88 Civ. 2711. The latter action sought to enjoin the tax levy, recover previously assessed taxes for the year 1976, and asserted a

claim for intentional infliction of emotional distress against defendants Taffet, Lewis, and McCauley in the amount of $50,000.

The Government, as plaintiff in the former action, has moved, pursuant to Fed.R. Civ.P. 56(c), for summary judgment to reduce the federal tax assessment made against Barretto to judgment. In the latter action, the individual defendants and the IRS have moved to dismiss the Barretto Complaint, pursuant to Fed.R.Civ.P. 12(b)(6). The above captioned cases are presently before the Court on these motions.

## MOTION FOR SUMMARY JUDGMENT

■ Once a taxpayer has been assessed, the Government may proceed to reduce that assessment to judgment. *See, e.g., United States v. Rodgers*, 461 U.S. 677, 682, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983); *United States v. First National City Bank*, 568 F.2d 853 (2d Cir.1977). Moreover, it is well established that the IRS' determination of a tax deficiency is presumed to be correct, and the burden of overcoming this presumption is on the taxpayer. *See United States v. Rindskopf*, 105 U.S. 418, 26 L.Ed. 1131 (1882); *DeLorenzo v. United States*, 555 F.2d 27, 29 (2d Cir.1977); *Lesser v. United States*, 368 F.2d 306, 310 (2d Cir.1966) *(en banc)*. Where the Government places the assessment in evidence and the taxpayer fails to raise a material issue of fact, the Government is entitled to summary disposition. *See United States v. Pierce*, 609 F.2d 407 (9th Cir.1979); *United States v. Mauro*, 243 F.Supp. 413 (S.D.N.Y.1965). Thus, summary judgment may be granted even though none of the facts underlying the assessment of a federal tax is specifically presented to the Court.[2] *See, e.g., Mauro, supra* at 415.

---

1. As discussed *supra,* instead of filing a counterclaim Barretto filed a complaint on April 8, 1988 against the IRS, Allan N. Taffet, Esq. ("Taffet"), Ronald Lewis, Esq. ("Lewis"), and Tom McCauley ("McCauley"). This complaint will be referred to as the "Barretto Complaint." Any references to "defendant(s)" refers to defendants in the action filed by Barretto which are the IRS, Taffet, Lewis and McCauley. The "in-

dividual defendants" refers to Taffet, Lewis and McCauley.

2. Nevertheless, the underlying facts in the case at bar appear undisputed. Barretto was previously convicted of violating the federal narcotics laws; he was found in possession of 2,700 grams of cocaine (the "drugs") with intent to distribute. The IRS determined that the value of the drugs was $80,000 and deemed that in-

In the present case, the IRS made an assessment against Barretto for the taxable year ending December 31, 1976 representing federal income taxes owed plus interest and statutory additions. Barretto has raised no material issue of fact concerning the propriety of this assessment. Rather, Barretto disputes the Government's assertion that he filed a petition in the tax court. Barretto alleges that he "did not filed [sic] or request to file any petition in the United States Tax Court challenging the Internal Revenue Services notice of deficiency...." Barretto Memorandum of Law at 2. Barretto asks this Court to dismiss the Government's claim that the tax assessment be reduced to judgment for "lack of evidence." Plaintiff appears to be contesting the jurisdiction of the tax court over him. *See United States v. Jenkins*, 780 F.2d 518 (5th Cir.1986). However, even if the tax court did not have jurisdiction over Barretto, this simply means that the tax court's decision is not given *res judicata* effect in this Court and Barretto may challenge the merits of the tax assessment against him.

Nevertheless, Barretto has failed to articulate any inaccuracy in the tax assessment. Therefore, as a matter of law, the Government is entitled to summary judgment reducing the federal tax assessment, made on April 26, 1982, to judgment.

## MOTION TO DISMISS

As stated previously, Barretto instituted a separate action against Taffet, Lewis, McCauley and the IRS. Defendants move, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the Barretto Complaint for failure to state a claim.[3] Plaintiff Barretto is proceeding *pro se* in this action in which he primarily seeks injunctive relief that bars the IRS from continuing the levy imposed on his wages and the return of taxes previously collected. Barretto also seeks damages from the individual defendants: an Assistant United States Attorney, an IRS attorney, and an IRS Revenue Officer, for their roles in filing a lawsuit to reduce the tax assessment to judgment. Barretto claims that these defendants' actions have violated his rights under the eighth amendment to the U.S. Constitution and have intentionally inflicted emotional distress upon him and his family.

### A. *The Eighth Amendment Claim*

■ Barretto contends that the garnishment of his salary to satisfy an outstanding tax liability, and the suit to reduce the tax assessment to judgment by the individual defendants constitutes cruel and unusual punishment and thereby violates the eighth amendment of the United States Constitution.

The eighth amendment prohibits punishment that violates contemporary standards of decency and is "barbarous" or "shocking to the conscience" of a reasonable person. *Sostre v. McGinnis*, 442 F.2d 178, 191–92 (2d Cir.1971) (*en banc*), *cert. denied*, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). *See also Rhodes v. Chapman*, 452 U.S. 337, 345–50, 101 S.Ct. 2392, 2398–01, 69 L.Ed.2d 59 (1981). Barretto repeatedly refers to the extreme hardship that he and his family are undergoing as a result of the levy, arguing that this constitutes cruel and unusual punishment under the eighth amendment.

In the present case, the imposition of the levy and the action to reduce the tax as-

---

come to Barretto. This is the basis of the tax assessment.

**3.** On a motion to dismiss, the complaint must be read generously and every reasonable inference drawn in favor of the plaintiff. *Pross v. Katz*, 784 F.2d 455, 457 (2d Cir.1986); *Metzner v. D.H. Blair & Co.*, 663 F.Supp. 716, 719 (S.D.N.Y. 1987). The complaint thus should only be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Stone v. Chung Pei Chemical Industry Co.*, 790 F.2d 20, 22 (2d Cir. 1986). Indeed, it is the Court's duty "to determine whether the facts set forth justify taking jurisdiction on grounds other than those most artistically pleaded." *Yoder v. Orthomolecular Nutrition Institute, Inc.*, 751 F.2d 555, 558 (2d Cir.1985) (citations omitted). Moreover, *pro se* complaints are to be liberally construed. *See, e.g., Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983).

sessment to judgment were taken pursuant to a well-established statutory scheme. The Internal Revenue Code dictates that before the IRS can assess a tax owed, a "notice of deficiency" must be sent to the taxpayer. 26 U.S.C. § 6212. This procedure affords a taxpayer wishing to challenge the deficiency an opportunity to petition the United States Tax Court for review. Here, Barretto acknowledges receipt of the notice of deficiency. Barretto Complaint ¶ 5. Barretto contends that he never challenged this notice of deficiency in the tax court.

The IRS assessed the tax liability pursuant to its statutory authority. *See* 26 U.S.C. § 6201. Once such an assessment is entered, the IRS is authorized to collect the tax "by levy upon all property and rights to property belonging to such person." 26 U.S.C. § 6331. Section 6331 has been found constitutional, *United States v. Heck,* 499 F.2d 778, 792–93 (9th Cir.), *cert. denied,* 419 U.S. 1088, 95 S.Ct. 677, 42 L.Ed.2d 680 (1974), and the propriety of such levies have been upheld. *See Sims v. United States,* 359 U.S. 108, 110–11, 79 S.Ct. 641, 644, 3 L.Ed.2d 667 (1959).

In the case at bar, the assessment was entered on or about April 26, 1982. A federal tax lien then arose by operation of section 6321 of Title 26 of the United States Code. A notice of levy based on the lien was issued by the IRS. The Government then brought suit to reduce the assessment to judgment. *See* 26 U.S.C. § 7403.

Thus each of the individual defendants' actions were taken pursuant to specific provisions of the statutory scheme enacted by Congressional fiat. Barretto has not indicated how any of these statutorily sanctioned actions can possibly violate his eighth amendment rights. It is clear that none of these actions would "shock the conscience" of a reasonable person and therefore Barretto's claim under the eighth amendment must be dismissed.

### B. *Intentional Infliction of Emotional Distress*

Barretto also asserts a cause of action for the intentional infliction of emotional distress.[4] It is well-established that "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." *Fischer v. Maloney,* 43 N.Y.2d 553, 402 N.Y.S.2d 991, 992, 373 N.E.2d 1215, 1217 (1978). However, a person will be liable for conduct intended to cause emotional distress "only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.,* 402 N.Y.S.2d at 993, 373 N.E.2d at 1217.

In the case at bar, Barretto asserts the individual defendants acted intentionally in making statements concerning Barretto's tax liability and the prior proceedings in Florida that were allegedly false. Barretto claims that the statements made by counsel for the Government at a pretrial hearing were inaccurate. Barretto Complaint ¶ 1. However, Barretto, in his own complaint, alleges precisely the same "facts" that counsel for the Government brought to the attention of the Court. Barretto Complaint ¶¶ 3–10.

Nor does the mere fact that defendants participated in the decision to impose a tax levy rise to the level of an intentional infliction of emotional distress. Each of the individual defendant's conduct was specifically authorized by statute and was well within the "bounds of decency." In enacting the detailed collection provisions of the Internal Revenue Code, Congress provided its institutional imprimatur to the fairness

---

**4.** The Barretto Complaint alleges that the actions of the individual defendants "were intentional causing the plaintiff Lou Barretto and family to sustain mental and emotional distress...." However, this claim is later denominated as a claim for "negligence." Despite the label of negligence, it is clear that Barretto is relying on the common law cause of action for intentional infliction of emotional distress. Moreover, even if Barretto is also asserting a cause of action for negligence, this action would be barred under the doctrine of immunity, discussed *infra.*

and constitutionality of those collection mechanisms. Barretto does not allege that the individual defendants have acted in a manner that is in any way inconsistent with the statutory collection scheme set forth in the Internal Revenue Code. Although these mechanisms might cause some amount of economic hardship to Barretto, the individual defendants' actions do not constitute "shocking and outrageous" conduct.[5] Barretto's claim for intentional infliction of emotional distress must be dismissed.

### C. *Immunity*

■ To the extent Barretto asserts a claim against the IRS, this suit is barred by the doctrine of sovereign immunity. For sovereign immunity purposes, a suit against the IRS is a suit against the United States. *See, e.g., Frasier v. Hegeman,* 607 F.Supp. 318 (N.D.N.Y.1985); *Murray v. United States,* 585 F.Supp. 543 (D.N.D. 1984), *aff'd,* 751 F.2d 271 (8th Cir.1984). *See also Johnson v. United States,* 680 F.Supp. 508 (E.D.N.Y.1987). Therefore, the IRS is absolutely immune from suit absent consent. *See, e.g., Kopunek v. Director of Internal Revenue,* 528 F.Supp. 134 (S.D.N.Y.1981); *Provenza v. Rinaudo,* 586 F.Supp. 1113 (D.Md.1984). In order to

bring an action in federal court for a return of taxes, a plaintiff must first pay the full amount of the assessment and file a claim with the IRS. 26 U.S.C. § 7422; *Flora v. United States,* 362 U.S. 145, 148–9, 80 S.Ct. 630, 632–3, 4 L.Ed.2d 623 (1960); *Frasier v. Hegeman,* 607 F.Supp. at 323. Barretto, having not paid his outstanding tax liability, may not bring an action in federal court that seeks the return of taxes.

### D. *Tax Anti–Injunction Act*

■ Additionally, Barretto seeks a preliminary injunction to prevent further garnishment of his salary. Such a remedy, however, is barred by the Tax Anti–Injunction Act, 26 U.S.C. § 7421(a), which states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." This bar applies to the present case. *See Chamberlain v. Krysztof,* 617 F.Supp. 491 (N.D.N.Y.1985); *Black v. United States,* 388 F.Supp. 805, 808 (E.D.N.Y.1975), *aff'd,* 534 F.2d 524 (2d Cir. 1976).

### CONCLUSION

For the reasons stated above, the Government's motion for summary judg-

---

**5.** Moreover, even if Barretto had stated a claim for intentional infliction of emotional distress, defendants Taffet, Lewis and McCauley are absolutely immune from liability. Federal employees ordinarily are absolutely immune from common law tort liability for acts committed within the scope of their official duties which are discretionary in nature. *See, e.g., Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988); *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). This absolute immunity from suit concerning official acts has been extended to cover IRS employees, *see Babylon Milk & Cream Co. v. Rosenbush,* 233 F.Supp. 735 (E.D.N.Y.1964), and applies to the tort of intentional infliction of emotional distress. *Bradley v. Computer Sciences Corp.,* 643 F.2d 1029, 1031–33 (4th Cir.), *cert. denied,* 454 U.S. 940, 102 S.Ct. 476, 70 L.Ed.2d 248 (1981); *Richards v. Mileski,* 567 F.Supp. 1391, 1396–1398 (D.D.C.1983).

Two requirements must be satisfied before an official can succeed on a claim of absolute immunity. First, the allegedly tortious acts must be within the scope of authority of the federal employee. *See, e.g., Spalding v. Vilas,* 161 U.S. 483, 498, 16 S.Ct. 631, 637, 40 L.Ed. 780 (1896).

That requirement is satisfied where, as here, the employees were acting in their role as government officers. *See, e.g., Galella v. Onassis,* 487 F.2d 986, 993 (2d Cir.1973). In the present case, the individual defendants, in seeking to collect taxes owed through levy and commencement of an action to reduce an assessment to judgment, were each acting well within their roles as government officials and Barretto does not allege otherwise.

Second, the federal employees' duties must involve the exercise of judgment and discretion. *Westfall v. Erwin, supra.* The alleged tortious act must be "the result of a judgment or decision which it is necessary that the government official be free to make without fear or threat of vexatious or fictitious suits and alleged personal liability." *Ove Gustavsson Contracting Co. v. Floete,* 299 F.2d 655, 659 (2d Cir.1962), *cert. denied,* 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed.2d 1050 (1963). Obviously, an official's choice of a particular statutory option should not expose that official to common law tort liability. Therefore, it is clear beyond peradventure that defendants are absolutely immune from liability for the intentional infliction of emotional distress.

ment in *United States v. Barretto*, 88 Civ. 1603(PKL), is hereby granted. The Government is directed to submit a judgment in accordance with this opinion forthwith.

In addition, defendants' motion to dismiss in *Barretto v. Internal Revenue Service et al.*, 88 Civ. 2711(PKL), is granted. The Barretto Complaint is hereby dismissed.

SO ORDERED.