**Robin ALEXANDER, individually and on behalf of all others similarly situated, Plaintiff–Appellee,**

v.

**Dan E. GLICKMAN, Secretary, United States Department of Agriculture, Defendant–Appellant.**

**Robin ALEXANDER, individually and on behalf of all others similarly situated, Plaintiff–Appellee,**

v.

**Charlotte CRAWFORD, in her official capacity as Director of Nevada State Department of Human Resources; Myla Florence, in her official capacity as Administrator of the Nevada State Welfare Division, Defendants–Appellants.**

Nos. 96–17054, 96–17055.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1997.

Decided March 23, 1998.

Mark W. Pennak, DOJ, Washington, DC, for defendant-appellant.

Jon Sasser, Washoe Legal Services, Inc., Legal Services Statewide Advocacy Office, Carson City, NV, for plaintiff-appellee.

Before: BOOCHEVER and KLEINFELD, Circuit Judges, and WILSON, District Judge.*

BOOCHEVER, Circuit Judge:

Robin Alexander's application for food stamps was denied because her household owned a truck whose fair market value, above and beyond the $4500 allowed by the statute for a vehicle, exceeded the $2000 in household financial resources allowed by the Food Stamp Act. The district court held that the truck was an inaccessible resource under the Act because it was subject to liens exceeding its fair market value. The Secretary of Agriculture and state agencies appeal.

## FACTS

Robin Alexander filed an application for food stamps for herself, her minor children, and Scott Bannister, the father of two of her children. Bannister owned a 1990 Ford pickup truck worth $6,625, which was subject to a lien of $8,300. Alexander's application was denied because Bannister's truck exceeded the reserve assets in a motor vehicle allowed by the Food Stamp Act, 7 U.S.C. § 2014(g)(2).

Alexander brought suit in federal district court, claiming that Bannister's truck was improperly counted as a family asset. Because the amount of the lien exceeded the truck's value, Alexander claimed the truck should have been treated as an inaccessible resource under 7 U.S.C. § 2014(g)(5).

The defendants (the Secretary of Agriculture, the Nevada State Department of Human Resources, and the Nevada State Welfare Division) moved to dismiss the case, and the district court denied the motion. On August 15, 1996, the court entered judgment for Alexander pursuant to a stipulation by the parties. The judgment amended Alexander's complaint to add a claim for retrospective relief, granted her motion for class certification, held that motor vehicles were eligible to be inaccessible resources, and stayed the execution of the judgment pending defendants' appeal.

## DISCUSSION

■ The Food Stamp Act, in 7 U.S.C. § 2014(g), provides that the Secretary of Agriculture may define how much a household eligible for food stamps may own:

**(g) Allowable financial resources which eligible household may own**

(1) The Secretary shall prescribe the types and allowable amounts of financial resources (liquid and nonliquid assets) an eligible household may own, and shall, in so doing, assure that a household otherwise eligible to participate in the food stamp program will not be eligible to participate if its resources exceed $2,000....

Subsection (g)(2), originally adopted in 1977 and as in effect at the time that Alexander brought suit in 1993, includes in financial resources "any licensed vehicle ... used for household transportation or used to obtain or continue employment to the extent that the

---

* Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation.

fair market value of any such vehicle exceeds a level set by the Secretary, which shall be $4,500 through August 31, 1994...."[1] The $6,625 fair market value of Alexander's household vehicle was $2,125 above the $4,500 allowed by the statute. That excess $2,125, in turn, exceeded by $125 the $2,000 the Secretary allows an eligible household to have in financial resources. Alexander's application for food stamps thus was denied.

Alexander argues, however, that the Secretary should not have applied subsection (g)(2) to calculate her household's resources, because the truck had a lien on it exceeding its fair market value. She claims that the truck was therefore an "inaccessible resource" under subsection (g)(5), which Congress added in 1990:

> The Secretary shall promulgate rules by which State agencies shall develop standards for identifying kinds of resources that, as a practical matter, the household is unlikely to be able to sell for any significant return because the household's interest is relatively slight or the cost of selling the household's interest would be relatively great. *Resources so identified shall be excluded as inaccessible resources. A resource shall be so identified if its sale or other disposition is unlikely to produce any significant amount of funds for the support of the household. ...*

7 U.S.C. § 2014(g)(5) (as amended in 1991) (emphasis added). The district court agreed with Alexander that a car could be an "inaccessible resource" under subsection (g)(5). Because subsection (g) used the word "resource" throughout, the court reasoned that a vehicle that was a "resource" to be counted under (g)(2) could also be an inaccessible "resource" under (g)(5), citing *Valenzuela v. Espy*, 860 F.Supp. 1421 (D.Ariz.1993).

■ This court reviews the district court's interpretation of the statute de novo. *Alyeska Pipeline Serv. Co. v. Kluti Kaah Native Village*, 101 F.3d 610, 612 (9th Cir.1996).

The Fourth Circuit addressed the identical issue in *Warren v. North Carolina*, 65 F.3d 385 (4th Cir.1995). As in this case, Warren

was denied food stamp benefits because she owned a car whose fair market value exceeded the $4500 allowed by the FSA. Warren argued that because the car was under a lien encumbrance that exceeded the car's fair market value, it was an inaccessible resource. The district court disagreed, and Warren appealed.

The Fourth Circuit, after describing subsections (g)(2) and (g)(5), pointed out that regulations promulgated by the Secretary under (g)(2) provided that the value of a vehicle may be excluded from the resource determination only when the car is used primarily to produce income (for example, a taxi), annually produces income consistent with its fair market value, is used for long distance travel other than commuting which is necessary for employment, is used as the household's home, or is necessary to transport a physically disabled household member. *Id.* at 387–88 (paraphrasing 7 C.F.R. § 273.8(h)(1)(i-v)). Alexander's vehicle falls under none of those exceptions. The regulations also specifically provide that all other licensed vehicles

> shall individually be evaluated for fair market value and that portion of the value which exceeds $4,500 *shall be attributed in full toward the household's resource level, regardless of any encumbrances on the vehicle ...* [and] *regardless of the amount of the household's investment in the vehicle ....*

7 C.F.R. § 273.8(h)(3) (emphasis added).

Prior to the enactment of 7 U.S.C. § 2014(g)(2) in 1977, the Department of Agriculture had automatically exempted from the resource calculation any licensed vehicle used for household transportation, regardless of its fair market value. "[T]he legislative history suggests that the 1977 amendments were meant specifically to eradicate any previous abuse of the Food Stamp program associated with car purchases." *Warren*, 65 F.3d at 388. The 1977 legislative history specifically provides that the fair market value of the car is the "blue book value,"

---

**1.** The statute currently sets the fair market value ceiling at $4,650, effective October 1, 1996. 7 U.S.C. § 2014(g)(2)(B)(iv).

H.R.Rep. No. 95–464, 95th Cong., 1st Sess. (1977), *reprinted in* 1977 U.S.C.C.A.N.1978, 2066, and states

> It is not the Committee's intention in including the partial market value of some automobiles as assets to make many persons ineligible who are otherwise needy [by] virtue of the income standards of eligibility. But the Committee does not intend either to tolerate abuses of the kind that make the program subject to public criticism. If there is such a thing as a welfare Cadillac, there ought not to be.

*Warren,* 65 F.3d at 388. Subsection (g)(5), exempting "inaccessible resources" from the household asset calculation, was added to the Food Stamp Act in 1990, with no amendment to (g)(2).

The Fourth Circuit reasoned that the plain language of (g)(2) unambiguously required the inclusion of a vehicle in an applicant's resource determination if its fair market value exceeded $4,500, and the accompanying regulations made the plain language even more explicit, specifying that the value of a vehicle shall be included in full regardless of any encumbrance. 65 F.3d at 389. Nevertheless, the plaintiff in the Fourth Circuit, like Alexander, claimed that "the enactment of § (g)(5) in 1990 somehow *altered* the plain language of § (g)(2) such that a car whose lien encumbrance exceeds its fair market value now *can* be excluded as an inaccessible resource." *Id.* at 390.

■ We owe deference to the agency's interpretation of the statute even absent a formal agency rule interpreting the statute. *Chevron U.S.A. Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *FDIC v. Philadelphia Gear Corp.,* 476 U.S. 426, 439, 106 S.Ct. 1931, 1938–39, 90 L.Ed.2d 428 (1986) (deference due to agency's consistent interpretation of statute even when not reduced to specific regulation). Although at the time of the district court's decision there was no formal regulation, the Department of Agriculture had sent Administrative Notices to state food stamp agencies "that state unequivocally that the inaccessible resources provision of § (g)(5) should *not* apply to motor vehicles." *Warren,* 65 F.3d at 391.

About a week after the district court in this case denied the motion to dismiss, the Secretary issued a formal regulation providing that (g)(5)'s inaccessible resource "provision does not apply to ... vehicles. The determination of whether any part of the value of a vehicle is included as a resource shall be handled using the provisions of paragraph (h) of this section." 7 C.F.R. § 273.8(e)(18) (1996). As noted above, 7 C.F.R. § 273.8(h)(3) provides that a vehicle shall be counted as a household asset regardless of any encumbrance.

In this case, two separate subsections of the statute, each clear on its face, yield two plausible constructions of the statute's overall effect: either cars are always assessed at their fair market value and counted toward a household's assets under (g)(2), or they count as assets under (g)(2) *unless* they are inaccessible under (g)(5) because their fair market value is less than outstanding encumbrances. The statute also provides that "The Secretary shall promulgate rules by which State agencies shall develop standards for identifying kinds of resources that ... shall be excluded as inaccessible resources." 7 U.S.C. § 2014(g)(5). Congress clearly intended that the Secretary would determine what was and what was not an "inaccessible resource." The Secretary has made that determination: the 1996 rule providing that a vehicle is not an inaccessible resource binds us to the Secretary's interpretation of the statute.

## CONCLUSION

Because we must give deference to the Secretary's interpretation, clearly set forth in the Department of Agriculture's regulations, we have no choice but to reverse.