**LIR MANAGEMENT CORP. d/b/a Pete Smith's, Arryl Operating, Inc. d/b/a Toots Shor, Sports Garden Rest, Inc., d/b/a Charley'o, 729 7th Ave. Houlihan's Operating, Inc. d/b/a Houlihan's River Restaurant, Inc. d/b/a Houlihan's, 380 Lexington Operations, Inc. d/b/a Houlihan's, Chicago Restaurant, Inc., and Complex Management, Inc., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 96 Civ. 3508(JES).**

United States District Court, S.D. New York.

Feb. 25, 2000.

Lewis R. Cohen, New York, NY, for Plaintiffs; Power & Power, Arlington, VA, Tracey J. Power, Thomas W. Power, of Counsel.

Mary Jo White, United States Attorney, for Southern District of New York, New York, NY, for Defendants; Edward Scarvalone, Assistant United States Attorney, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiffs LIR Management Co. ("LIR Management"), Arryl Operating, Inc. ("Arryl"), Sports Garden Rest, Inc. ("Sports Garden"), 729 7th Avenue Houlihan's Operating, Inc. ("7th Avenue Houlihan's"), River Restaurant, Inc. ("River Restaurant"), 380 Lexington Operations, Inc. ("380 Lexington"), Chicago Restaurant, Inc. ("Chicago Restaurant"), and Complex Management, Inc. ("Complex Management") (collectively, "Taxpayers") bring this suit against defendant United States of America (the "government") challenging defendant's assessment, pursuant to 26 U.S.C. § 3121(q), of plaintiffs' portion (the "employer-only portion") of Federal Insurance Contribution Act ("FICA") taxes assessed against and collected from plaintiffs on unreported tips of plaintiffs' employees in the aggregate as estimated by the Internal Revenue Service ("IRS") for the years 1989, 1990, 1992, and 1993. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the parties cross-move for summary judgment. For the reasons set forth below, defendant's motion for summary judgment is granted and plaintiffs' motions for summary judgment are denied.

## BACKGROUND

Plaintiffs operate restaurants that employ workers, such as waiters, bartenders, and other restaurant staff who receive tip income. *See* Complaint at ¶ 5; Answer and Counterclaim ("Answer") at ¶ 4. Under the Internal Revenue Code ("IRC" or "Code"), plaintiffs are obligated to pay the employer-only portion of the FICA tax based upon each employee's wage income. This wage income includes both wages paid by the restaurant to each employee and the employee's tip income. The dispute in this case involves unreported tip income in 1989 and 1990 for plaintiffs Chi-

cago Restaurant and Complex Management, and in 1992 and 1993 for the remaining plaintiff corporations. *See* Complaint at ¶¶ 4, 7, 10; Answer at ¶¶ 4, 7, 10. The forms filed by plaintiffs to the IRS for each of these years on their face reveal underreporting of tip income by plaintiffs' employees. *See* Declaration of Gerald Werkman ("Werkman Decl.") at ¶ 10.

Following the determination of underreporting of tip income by plaintiffs' employees, the IRS employed two methods for calculating the employer portion of the FICA taxes owed by plaintiffs' restaurants. *See* Plaintiffs' Motion for Summary Judgment ("Pl.Mem") at 4–5; Werkman Decl. at ¶¶ 14–20. One method employed by the IRS simply assessed the discrepancy between the total tips reported by plaintiffs Chicago Restaurant and Complex Management's employees and the amount of tips reported by plaintiffs on their credit card receipts (hereinafter referred to as "total charged tips") that appeared on the face of their reports to the IRS. *See id.*

The other method employed by the IRS assessed plaintiffs LIR Management, Arryl, Sports Garden, 7th Avenue Houlihans, River Restaurant, and 380 Lexington for the tax years 1992 and 1993. *See id.* The IRS computed the employers' share of unpaid FICA taxes on unreported tips on Form 8027s and the "McQuatters Formula" which is derived from *McQuatters v. Commissioner*, 32 CCD Tax Ct. Mem. 1122, 42 P–H Tax Ct. Mem. 1078 (1973). *See id.* Essentially, the IRS compared the total charged tips for each restaurant with the total tips reported by the restaurants' employees. *See id.* Where it was determined that the employees' total reported tips were less than the reported charged tips, the IRS computed a "Charged Tip Ratio" by dividing the total charged tips by the total charged receipts. *See id.* The Charged Tip Ratio was then reduced by 2% to determine the "Estimated Cash Tip Rate." The restaurant's total cash receipts were determined by subtracting the total charge card receipts from the restau-

rants' total gross receipts. *See id.* The Estimated Cash Tip Rate was then applied to the restaurants' total cash receipts, resulting in the "Estimated Total Cash Tips." *See id.* This amount was then added to the total charged tips amount to determine the "Total Charged and Cash Tips." *See id.* The total reported tip income was then subtracted from the Total Charged and Cash Tip amount, resulting in the "Total Unreported Tip Income," which was used as the basis for assessing in the aggregate the total amount of tips unreported by plaintiffs' employees and subject to the 7.65% employer paid portion of FICA. *See id.*

By letters dated April 17, 1995, the IRS, pursuant to IRC § 3121(q), served plaintiffs with Notice and Demand for the employer share of FICA taxes allegedly due on tips unreported by plaintiffs' employees. *See* Complaint at ¶¶ 10, 12; Werkman Decl. at ¶ 13–14. The IRS determined that the above plaintiffs owed the following:

| TAXPAYER | 1992 | 1993 |
|---|---|---|
| LIR Management | $ 9,445.00 | $10,027.00 |
| Arryl | $ 5,676.00 | $ 6,240.00 |
| Sports Garden | $ 8,453.00 | $ 8,810.00 |
| 7th Avenue Houlihans | $ 9,013.00 | $11,151.00 |
| River Restaurant | $10,443.00 | $ 9,961.00 |
| 380 Lexington | $ 9,543.00 | $ 5,746.00 |

The plaintiffs did not pay the full amount of taxes assessed, but remitted $1.53 representing partial payment under protest of the entire amounts assessed for the employer share of FICA taxes as provided for by *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) and *Steele v. United States*, 280 F.2d 89 (8th Cir.1960). On August 14, 1995, the plaintiffs filed claims for refund of the $1.53 partial payment made by each plaintiff and abatement of the full amount of the taxes assessed on the April 17, 1995 Notice and Demand.

The second method used by the IRS, as discussed above, assessed plaintiffs Chicago Restaurant and Complex Management for employer portion of FICA taxes for the years 1989, 1990. *See* Complaint at ¶ 15;

Werkman Decl. at 15–17. The IRS derived the employer portion of FICA taxes by subtracting the total tips reported from the total charged tips of the Forms 8027 filed by the restaurants. *See* Werkman Decl. at ¶ 15–17. By letters dated July 26, 1993, the IRS served plaintiffs Chicago Restaurant and Complex Management with Notice and Demand for the employer share of FICA taxes allegedly due on tips unreported by employees of the plaintiffs. *See* Complaint at ¶ 15; Werkman Decl. at ¶ 15–17. The following amounts were due for the above plaintiffs pursuant to IRC § 3121(q).

| TAXPAYERS | 1989 | 1990 | TOTAL |
|---|---|---|---|
| Chicago Restaurant | $3,609.16 | $3,663.13 | $7,272.29 |
| Complex Management | $5,315.58 | $4,487.26 | $9,802.84 |

On December 16, 1995, Chicago Restaurant and Complex Management paid the full amounts assessed. *See* Complaint at ¶ 18. On July 26, 1995, plaintiffs Chicago Restaurant and Complex Management filed claims for refund of the full amounts paid pursuant to the July 26, 1993 Notice and Demand letters. *See id.* at ¶ 19.

Under both methods employed here, the IRS did not apportion the taxes assessed among tipped employees, nor did it credit the earnings of such employees with tip income. The IRS did not make any inquires into the restaurants' individual employees to find out who underreported tip income or to assess upon those employees' additional FICA taxes. Further, the IRS admits that it did not conduct any type of regression analysis, and that it has no way of knowing which employees underreported tip income. Rather, the employer FICA taxes asserted against the above plaintiffs were determined on an aggregate basis against the gross earnings of respective restaurant units.

Plaintiffs do not contest the reasonableness of methodologies employed by the IRS. In fact, during the course of the instant litigation, plaintiffs stipulated that they "agree that the Internal Revenue Service's ("IRS") calculation of the amount of aggregate unreported tip income of all plaintiffs' employees collectively … is reasonable" and that "plaintiffs agree that if the Court decides in this proceeding that the IRS can access additional FICA taxes based on a reasonable estimate of the aggregate reported tip income of its employees collectively, then the IRS' calculation of the aggregate unreported tip income … would constitute a valid assessment." Defendant's Notice of Motion dated June 10, 1997 at Ex. B, ¶¶ 1, 3. Thus, the only issue for the Court to consider is whether the IRS had the authority to employ the two methods described above in the first instance.

In support of their cross-motion for summary judgment, plaintiffs contend that defendant's assessment was erroneous and illegal because the IRS lacks the authority to assess plaintiffs for the employer-only portion of FICA taxes on unreported tip income without auditing and assessing each employee, and without crediting the Social Security account of the employees whose unreported income gave rise to the assessment of the employer FICA tax. Furthermore, plaintiffs contend that only an assessment that determines individual tip earnings and credits individual wage history records for such tip earnings would be consistent with both the specific legislative purpose of treating tips as wages for Social Security purposes and the purpose of the Social Security Act. In addition, plaintiffs Chicago Restaurant and Complex Management contend that the IRS's assessments against them were untimely and stipulate that they would remain liable for the amount assessed only if this Court determines that the IRS's assessment for them is not time barred by the applicable statute of limitations.

The Government contends that its motion for summary judgment dismissing plaintiffs' complaint should be granted because plaintiffs bear the ultimate burden of proving that the IRS's assessment was incorrect. The Government notes that plaintiffs, having conceded to the reasonableness of the IRS's assessment of unre-

ported tip income, have failed to meet that burden. Additionally, the Government argues that the plain language and the legislative history of the Code authorizes the IRS to assess employer FICA taxes in the aggregate on the unreported tip income of plaintiffs' employees.

## DISCUSSION

### I.

Summary judgment should be granted in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the Court must view all facts, and construe all rational inferences derived therefrom, in the light most favorable to the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

In a suit seeking a tax refund, a plaintiff bears the burden of establishing a tax overpayment and the amount that he is entitled to recover. *See Helvering v. Taylor*, 293 U.S. 507, 514–15, 55 S.Ct. 287, 290–91, 79 L.Ed. 623 (1935). The IRS's deficiency determination is presumed to be correct and the party seeking the refund bears the burden of overcoming that presumption. *See Fior D'Italia, Inc. v. United States*, 21 F.Supp.2d 1097, 1098 (N.D.Cal.1998); *United States v. Barretto*, 708 F.Supp. 577, 579 (S.D.N.Y.1989).

Where, as here, the Court must interpret a statute that has been construed by an administering agency, it must first ask:

whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter, for the court, as well as the agency, must give effect to that unambiguously expressed intent of Congress. If, however, the court determines Congress has not addressed the precise question at issue, the court does not simply impose its own construction of the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the precise issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). Moreover, to uphold the agency's interpretation, the Court "need not find that [the agency's] construction is the only reasonable one, or even that it is the result that [the court] would have reached had the question arisen in the first instance in judicial proceedings. [The court] need only conclude that it is a reasonable interpretation of the relevant provisions." *Weil v. Retirement Plan Admin. Comm.*, 933 F.2d 106, 108–09 (2d Cir.1991) (internal citations omitted). The Court must defer to an agency's reasonable interpretation of a statute even if no formal regulation exists. *See 330 West Hubbard Restaurant Corp. v. United States*, 203 F.3d 990, 994–95 (7th Cir.2000); *Alexander v. Glickman*, 139 F.3d 733, 736 (9th Cir.1998).

### II.

Under the Code, every employer is assessed a tax for Medicare and Social Security based upon the wages paid by the employer to its employees. *See* 26 U.S.C. § 3111. As discussed below, "wages" include all remuneration for employment, including all tips received by an employee in the course of his employment.[1] *See* 26

---

1. § 3121(q) states:

(q) TIPS INCLUDED FOR BOTH EM-PLOYEE AND EMPLOYER TAXES. For

U.S.C. § 3121(a) and (q). The Code requires every employee to report the amount of tips they receive to their employer. *See* 26 U.S.C. § 6053(a). The employer is then responsible for collecting the employee FICA tax from each of its employees "by deducting the amount of tax from the wages as and when paid." 26 U.S.C. § 3102(a). In addition to the withholding requirement, the Code imposes a tax on every employer based on the total amount of tips received by its employee. *See* 26 U.S.C. § 3121(q). This "employer share" of FICA taxes consists of two separate taxes—the Social Security tax in the amount of 6.2 percent of wages (up to the Social Security wage base) and the Medicare tax in the amount of 1.45 percent of wages. *See* 26 U.S.C. § 3111.

At issue here is whether the IRS' practice of aggregate assessments is permitted by the relevant provisions of the Code or whether the statute first requires an individual assessment of each of an employer's employees before the IRS imposes a tax under § 3111. Since the plaintiffs have the ultimate burden of proving that the IRS's interpretation of the statute as implemented through their practice of aggregate assessments is unreasonable and that they are entitled to a refund, the Court shall address each of their arguments in turn.

Plaintiffs' first attack on the government's practice of aggregate assessment centers on the language of the Code itself. Plaintiffs contend that the IRS must first conduct an audit of each of its employees' tips before a tax may be imposed on an employer since the language of § 3121(q)

uses the singular *"tips received by an employee."* (emphasis added). Plaintiffs also rely on other provisions of the Code that, for example, impose a tax on an employer based "on the income of every *individual"* see § 3101, and § 3111 that imposes a FICA tax on the wages paid by an employer to an employee *"in the course of his employment."* (emphasis added). From these references, plaintiffs argue that aggregate assessment of an employer's FICA taxes is prohibited by the statute.

■ Plaintiffs' argument is without merit. To the contrary, the statute is silent on the issue of aggregate assessment, and "the fact that the statutes ... make reference to 'individuals' or to 'an employee' is not an indication of the manner in which Congress intended the IRS to collect employer FICA taxes." *330 West Hubbard Restaurant Corp.,* 203 F.3d at 995–96 ; *see also Bubble Room, Inc. v. United States,* 159 F.3d 553, 563–64 (Fed.Cir.1998); *Morrison Restaurants v. United States,* 118 F.3d 1526, 1529 (11th Cir.1997). Therefore, plaintiffs' reliance on the use of the singular in the statute is not persuasive as to the quite distinct issue of whether the Code permits aggregate assessment of an employer's FICA taxes. *See id.*

The Government argues that both §§ 3111 and 3121(q) permit aggregation because they require employers to pay FICA taxes on "all" tips received by employees, reported and unreported.[2] It finds additional support for aggregation in the language of § 3121(q) that permits the IRS to serve notice and demand on em-

---

purposes of this chapter, tips received by an employee in the course of his employment shall be considered remuneration for such employment (and deemed to have been paid by the employer for purposes of subsections (a) and (b) of section 3111). Such remuneration shall be deemed to be paid at the time a written statement including such tips is furnished to the employer pursuant to section 6053(a) or (if no statement including such tips is furnished) at the time received; except that, in determining the

employer's liability in connection with the taxes imposed by section 3111 with respect to such tips in any case where no statement including such tips was so furnished (or to the extent that the statement so furnished was inaccurate or incomplete), such remuneration shall be deemed for purposes of subtitle F to be paid on the date on which notice and demand for such taxes is made to the employer by the Secretary.

**2.** Subject to the limitations imposed by the Code. *See infra* at 346.

ployers where the employee fails to report tips since such tips are "deemed [to have been] paid by the employer for the purposes of subsections (a) and (b) of section 3111." The Government also relies on the different statute of limitations imposed by § 3121(q) on employers and employees for indirect support that Congress recognized that employer and employee FICA taxes would not be dependent upon each other.

Because §§ 3111 and 3121(q) do not directly address the issue of whether the IRS has the authority to make aggregate assessments, the Court concludes that the statute is at least ambiguous. Since the agency's interpretation is reasonable, the Court is required to defer to their interpretation. *See 330 West Hubbard Restaurant Corp.*, 203 F.3d at 995–96 ; *Morrison*, 118 F.3d at 1530. Moreover, the Court must find that the language of § 3121(q) implies that an indirect method of assessment may be used to calculate an employer's FICA tax. *See Bubble Room*, 159 F.3d at 565 Furthermore, since 26 U.S.C. § 6201(a) permits the IRS, in administering the Code, to "make the inquiries, determinations, and assessments of all taxes ... imposed by this title," the Court finds that it is reasonable to conclude that this includes the authority to make aggregate assessments against an employer of unreported tip income. *See Bubble Room*, 159 F.3d at 565. This is especially true since nothing in the statute directly prohibits aggregate assessments. For the same reasons, the Court must also defer to the agency's interpretation and thus reject plaintiffs' argument that the "wage band"[3] exemption deprives the IRS of the authority to make aggregate assessments.[4]

Next, plaintiffs contend that the employer's share of the FICA tax cannot be imposed without the IRS first determining the underreporting of each individual employee because absent such a determination, an employee's wage earning records cannot be properly credited to Social Security. In response, the Government argues that there is no provision in the Code that links the imposition of the employer FICA tax to the crediting of an employee's individual Social Security account. Moreover, the government asserts that if an employee fails to receive credit for the Social Security tax paid by the employer on an employee's unreported tips, the employee cannot be heard to complain because his failure to report those tips is a plight of his own making.

Plaintiffs' argument that the IRS may not aggregate employer Social Security taxes because its employee receives no corresponding benefit is without merit. While it is true that Social Security wage records are based upon the wages that are claimed and reported by an employee, and that the IRS's system of aggregate assessment requires an employer to pay FICA taxes without a corresponding "credit" to its employees, such an outcome is not prohibited by the statute. To the extent that an employee does not receive a Social Security "credit" for taxes paid by an employer because the employee has failed to report tip income as required by the Code, the fault lies not with the IRS's system of aggregation but with their own failure to comply with the law. *See 330 West Hubbard Restaurant Corp.*, 203 F.3d at 994–95 ; *Morrison*, 118 F.3d at 1530. In short, employees who fail to report tip income as

---

**3.** The "wage band" exemption restricts an employer's FICA tax liability to an upper and lower limit based on an employee's income. *See 330 West Hubbard Restaurant Corp.*, 203 F.3d at 996–97. First, an employer is only required to pay taxes on an employee's income up to the Social Security wage base. *See* 26 U.S.C. § 3131(a)(1). On the low end of the scale, an employer is not required to

pay FICA taxes on an employee's tip income if the amount does not exceed $20 per month. *See id.*

**4.** In any event, plaintiffs have stipulated to the reasonableness of the IRS's assessment in this case, *see supra* at 343, and have therefore waived any claim that the assessments are invalid because they fail to take these exemptions into account.

required by the Code waive any claim to Social Security benefits that might otherwise accrue from their employer's contribution to the Social Security system.

Plaintiffs also claim that the assessment of FICA taxes against an employer without any corresponding benefits to their employees has "no reasonable basis, is discriminatory in its application to one class of employers, . . . and therefore violates the Equal Protection and Due Process guarantees of the United States Constitution." Pl. Mem. at 17. This contention, in effect, is merely a restatement of their claim that aggregate assessment of employer FICA taxes based on its employee's unreported tip income should be prohibited because it fails to properly credit its employee's Social Security wage records. Since the Court has already concluded that "when an employee fails to report tips received, neither the employee *nor the employer* can then complain that the employer's share of FICA taxes is not credited to the employee's wage history account," *see Bubble Room*, 159 F.3d at 565 (emphasis added), plaintiffs' contentions that there is no reasonable basis for aggregation and that they are being denied equal protection of the law are without merit.

█ The only issue left for the Court to address is plaintiffs Chicago Restaurant and Complex Management's assertion that the statute of limitations imposed by the Code begins to run for an *employer* at the time its employee receives tips, whether or not those tips are ultimately reported to the employer or to the IRS. Plaintiffs further contend that the time period is governed by the three year statute of limitations provided for in 26 U.S.C. § 6501. Section 3121(q) provides, in relevant part that:

> Such remuneration shall be deemed to be paid at the time a written statement including such tips is furnished to the employer pursuant to section 6053(a) or (if no statement including such tips is so furnished) at the time

received; except that, in determining the employer's liability in connection with the taxes imposed by section 3111 with respect to such tips in any case where no statement including such tips was so furnished (or to the extent that the statement so furnished was inaccurate or incomplete), such remuneration shall be deemed for purposes of subtitle F to be paid on the date on which notice and demand for such taxes is made to the employer by the Secretary.

The plain language of § 3121 clearly states that the statute of limitations on assessing employer FICA taxes begins to run only upon the IRS's issuance of a notice and demand to an employer for unreported tip income. Thus, plaintiffs' argument that the statute of limitations begins to run at the time an employee receives a tip flies in the face of plain language of the statute, pursuant to which the time period begins to accrue upon service of a notice and demand. Since plaintiffs' interpretation is contrary to the plain language of the statute, their motion for summary judgment on statute of limitations grounds must be denied.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for summary judgment is denied and defendant's motion for summary judgment is granted. The Clerk of Court is directed to enter judgment for the defendant, and close the above-captioned action.

It is **SO ORDERED.**